Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:       (212) 446-4900

-and-

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:      (804) 644-1700
Facsimile:       (804) 783-6192

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (*pro hac vice* admission pending)
Robert A. Britton (*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:       (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TOYS "R" US, INC., *et al.*,[1] | Case No. 17-34665 (KLP) |
| Debtors. | (Joint Administration Requested) |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO PAY
PREPETITION CLAIMS OF LIEN CLAIMANTS, IMPORT CLAIMANTS,
AND 503(B)(9) CLAIMANTS, (II) CONFIRMING ADMINISTRATIVE EXPENSE
PRIORITY OF OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"): (a) authorizing the Debtors to pay prepetition claims held by certain claimants, (b) confirming

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Debtors' Motion for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* filed contemporaneously herewith. The location of the Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the administrative expense of Outstanding Orders, (c) granting related relief, and (d) scheduling a final hearing to consider approval of the Motion on a final basis, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District Of Virginia*, dated July 10, 1984; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on October 10, 2017, at 10:00 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time on October 3, 2017, and served on the Notice Parties. In the event no objections to entry of a final order on the

Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3. The Debtors are authorized, but not directed, to pay up to $61.1 million in satisfaction of outstanding prepetition claims on account of Lien Charges, Import Charges, and 503(b)(9) Claims, and are authorized to pay all undisputed amounts related to Outstanding Orders placed in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date; *provided* that only those Debtors that incurred Obligations, or that placed the Outstanding Orders, as applicable, or a Debtor that in the ordinary course of business pays the Obligations or the Outstanding Orders, as applicable, of other Debtor entities, shall be authorized to make payments under this Interim Order; *provided further* that the Debtors shall not pay any amounts on account of Obligations or Outstanding Orders before such Obligation or Outstanding Order, as applicable, comes due. The Debtors shall not pay any amounts on account of Obligations or Outstanding Orders that do not come due within 21 days after the Petition Date.

4. Any party that accepts payment from the Debtors on account of an Obligation shall be deemed to have agreed to the terms and provisions of this Interim Order.

5. Subject to paragraph 3 of this Interim Order, all undisputed obligations related to the Outstanding Orders are granted administrative expense priority status in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

6. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the

Debtors' designation of any particular check or electronic payment request as approved by this Interim Order, without any duty of further inquiry and without liability for following the Debtors' instructions.

7. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

8. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. Nothing in this Interim Order shall alter or limit any authorization or relief contained in, or prevent Debtor Toys "R" Us (Canada) Ltd. ("Toys Canada") from taking any action authorized pursuant to, the Initial Order in respect of Toys Canada issued by the Ontario Superior Court of Justice (Commercial List) (the "CCAA Court") in proceedings in respect of Toys Canada pursuant to the Companies' Creditors Arrangement Act (Canada), and to the extent of any inconsistency between this Interim Order and the terms of the Initial Order or any other Order of the CCAA Court, the Order of the CCAA Court shall govern.

10. Notwithstanding anything to the contrary in this Interim Order, any payment made or action taken by any of the Debtors pursuant to the authority granted in this Interim Order must be in compliance with, and shall be subject to: (i) any orders approving the Debtors' use of cash collateral and/or any postpetition financing facilities (the "DIP Orders"), (ii) the documentation in respect of any such postpetition financing facilities and/or use of cash collateral, and (iii) the budgets governing any such postpetition financing and/or use of cash collateral.

11. To the extent there is any inconsistency between the terms of any of the DIP Orders and this Interim Order, the terms of the DIP Order (or DIP Orders, as applicable) shall control.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is waived.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

17. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2017
Richmond, Virginia

Sep 19 2017   /s/ Keith L. Phillips
_____
United States Bankruptcy Judge

Entered on Docket: Sep 19 2017

WE ASK FOR THIS:

/s/ *Michael A. Condyles*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:       (804) 644-1700
Facsimile:        (804) 783-6192

- and -

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:        (212) 446-4900

- and -

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (*pro hac vice* admission pending)
Robert A. Britton (*pro hac vice* admission pending)
Emily E. Geier (*pro hac vice* admission pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:        (312) 862-2200

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**CERTIFICATION OF ENDORSEMENT
UNDER LOCAL BANKRUPTCY RULE 9022-1(C)**

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

/s/ *Michael A. Condyles*