**KELLEY DRYE & WARREN LLP**
Joseph D. Wilson (VSB No. 43693)
Washington Harbour, Suite 400
3050 K Street, NW
Washington, D.C. 20007
Telephone: (202) 342-8504
Facsimile: (202) 342-8451
Email: jwilson@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
James S. Carr (admission *pro hac vice* pending)
Jason R. Adams (admission *pro hac vice* pending)
Maeghan J. McLoughlin (admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Tel: 212-808-7800
Fax: 212-808-7897
Email: jcarr@kelleydrye.com
       jadams@kelleydrye.com
       mmcloughlin@kelleydrye.com

*Counsel for MGA Entertainment, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>TOYS "R" US, INC., *et al.*,<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 17-34665 (KLP)<br><br>(Jointly Administered) |

**MOTION OF MGA ENTERTAINMENT, INC. FOR ALLOWANCE**
**AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**
**AND RETURN OF POSTPETITION SHIPMENTS**

MGA Entertainment, Inc. ("MGA") by and through its attorneys, Kelley Drye & Warren

LLP, hereby submits this motion (the "Motion") for (i) allowance and immediate payment of its

administrative expense claim for postpetition goods provided to the above-captioned debtors (the

"Debtors") pursuant to section 503 of the Bankruptcy Code and (ii) the return of postpetition goods provided to the Debtors. In support of the Motion, MGA respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (O).

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is section 503 of the Bankruptcy Code.

## BACKGROUND

4. On September 18, 2017 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their property as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtors operate approximately 800 toy and children's apparel stores in the United States. Prior to the Petition Date, MGA provided the Debtors with goods for the Debtors to sell in the ordinary course of their business.

6. On October 24, 2017, this Court entered the *Final Order Authorizing Debtors to Pay Certain Prepetition Claims of Critical Vendors and Granting Related Relief* (the "Critical Vendor Order")[1] which authorized the Debtors to enter into trade agreements (each a "Trade Agreement") with certain critical suppliers.

---

[1] Docket No. 708.

7. MGA and the Debtors executed a Trade Agreement pursuant to the Critical Vendor Order.[2] Under the Trade Agreement, MGA agreed to supply goods to the Debtors and the Debtors agreed to accept and pay for goods according to certain customary trade terms. Since the Petition Date, MGA has continued to ship and provide goods to the Debtors in accordance with the Trade Agreement.

8. On March 15, 2018, the Debtors filed a motion to, among other things, wind-down their United States operations and close all of their stores located in the United States.[3]

9. As of the date of the Motion, MGA has open invoices for approximately $11 million in goods (the "Goods") shipped to and received by Debtors. Although the Debtors have received the benefit of MGA's Goods postpetition, the Debtors are in breach of the Trade Agreement and have failed to timely pay invoices for the postpetition Goods. The invoices for at least $798,960.35 in goods shipped to the Debtors postpetition are past due (the "Administrative Claim"). Given the liquidation of the Debtors' assets, TRU may never pay MGA for the Goods, which will be sold to satisfy the claims of the Debtors' secured lenders.

10. MGA has demanded that the Debtors immediately pay the Administrative Claim. The Debtors have not responded to the demand and have not paid the past due amounts. As a result, the Debtors are in breach of the Trade Agreement and MGA (i) demands the return of the Goods and (ii) submits that it is not obligated to continue supplying goods to the Debtors without payment.

---

[2] The Trade Agreement requires MGA to keep the terms of the Trade Agreement confidential.
[3] Docket No. 2050.

**ARGUMENT**

**A.  The Debtors Are Obligated to Pay the Administrative Claim Pursuant to Section 503(b) of the Bankruptcy Code**

11. Section 503(b)(1) of the Bankruptcy code provides that "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . including . . . the actual and necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1). To qualify as an "actual" and "necessary" administrative expense, (1) the claim must arise out of a postpetition transaction between the creditor and the debtor in possession and (2) the consideration supporting the claimant's right to payment must be supplied to and beneficial to the debtor in possession in the operation of the business. *See In re Health Diagnostic Lab., Inc.*, 557 B.R. 885, 894 (Bankr. E.D. Va. 2016).

12. The Administrative Claim satisfies both factors and must be accorded administrative expense status under section 503(b)(1) of the Bankruptcy Code. MGA provided the Goods to the Debtors postpetition for which the Debtors have failed to timely pay in breach of the Trade Agreement. The Goods underlying the Administrative Claim were supplied to the Debtors in the operation of the Debtors' business and the Debtors have used or sold the Goods, or intend to use or sell the Goods, as they liquidate their assets and wind down their operations.

**B.  MGA is Authorized to Cease Shipping Under Contract Law Principles**

   **(i)  Doctrine of Impossibility**

13. The Debtors are in the process of liquidating all of their assets and MGA's obligations to perform under the Trade Agreement are discharged under the doctrine of impossibility or impracticability. Courts in this Circuit have described the doctrine as follows: "Where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event, the non-occurrence of which was a basic assumption on which

4

the contract was made, his remaining duties to render performance are discharged, unless the language or the circumstances indicate the contrary." *See, e.g.*, *Opera Co. of Boston v. Wolf Trap Found. for Performing Arts*, 817 F.2d 1094, 1099 (4th Cir. 1987) (citing § 265 of the Restatement (Second) of Contracts). A party's duties can be discharged upon a showing that (1) an unexpected intervening act occurred, (2) the non-occurrence of the intervening act was a basic assumption of the agreement of the parties, and (3) the occurrence of the intervening act made performance impracticable. *Id.* at 1102.

14. This standard is easily satisfied here. A liquidation constitutes an unexpected and intervening act that eliminates both (i) the Debtors' need for further shipments and (ii) the Debtors' ability to pay their creditors for shipments. The Debtors' ability to operate in and emerge from chapter 11 was a basic assumption of the Trade Agreement, which necessarily contemplated the ongoing supply of and payment for inventory during the chapter 11 cases. Therefore, a liquidation frustrated the essential purpose of the Trade Agreement and MGA's obligations to supply goods has ceased under the doctrine of impossibility.

**(ii)  Breach of Contract**

15. MGA is also authorized to stop shipping under basic contract principles governing breaches of contract. The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation. *Virginia Elec. & Power Co. v. Bransen Energy, Inc.*, 850 F.3d 645, 655 (4th Cir. 2017). "[A] party who commits the first breach of contract," if material, "is not entitled to enforce the contract" and thereby excuses the nonbreaching party from performance. *Id.* at 655 (citing *Horton v. Horton*, 254 Va. 111, 487 S.E.2d 200, 203–04 (1997)). A material breach is a failure to do something that

5

is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract. *Horton*, 254 Va. at 204.

16. Here, in violation of the legally enforceable Trade Agreement, the Debtors have failed to timely pay MGA for the Goods which has caused damages to MGA for at least the Administrative Claim and likely a much larger amount. Notably, since the Petition Date, MGA continued to perform and supply goods to the Debtors so that the Debtors could pursue their reorganization efforts, which ultimately failed. MGA is no longer obligated to continue supplying additional goods when the Debtors are in the process of liquidating all of their assets.

17. The nonpayment was a material breach because the failure to timely pay for the Goods defeats the purpose of Trade Agreement. The parties never envisioned that MGA would provide the Goods for free. Honoring the trade terms and compensating MGA for goods supplied to the Debtors was a fundamental feature of the Trade Agreement. As a result of the Debtors' breach under the Trade Agreement, MGA is excused from further action under the Trade Agreement, including its obligation to supply goods to the Debtors.

18. Even if an actual breach of the Trade Agreement has not yet occurred, MGA is also authorized to cease shipping under the doctrine of anticipatory breach. Under the doctrine of anticipatory breach, when one party repudiates its obligations under a contract, the unperformed contractual rights and duties of the contract cease to be binding on the non-repudiating party. *Studio Frames Ltd. v. Standard Fire Ins. Co.*, 369 F.3d 376, 381 (4th Cir. 2004) (citing Restatement (Second) of Contracts § 253(2)); *Homeland Training Ctr., LLC v. Summit Point Auto. Research Ctr.*, 594 F.3d 285, 292 (4th Cir. 2010) ) ("Under contract law, an anticipatory breach occurs when 'one party to a contract renounces its future contractual obligations, in essence promising ahead of time not to perform when performance comes due.' ") (internal citations omitted).

19. Here, MGA demanded payment of the Administrative Claim shortly after the invoices were due. The Debtors have failed to respond to the demand and have not paid the Administrative Claim and have not paid for or returned the Goods. The Debtors have commenced a full chain liquidation and there is little likelihood that they will cure the defaults under the Trade Agreement. As a result, the Debtors' failure to satisfy the Administrative Claim following the demand constitutes anticipatory repudiation of the Trade Agreement and MGA is under no further obligation to ship goods pursuant to the Trade Agreement.

## **CONCLUSION**

20. MGA, therefore, requests entry of an order in the form annexed hereto as Exhibit A (i) allowing the Administrative Claim; (ii) compelling the Debtors to pay the Administrative Claim within three days of entry of the order; (iii) confirming that MGA has no obligation to supply goods to the Debtors; (iv) compelling the Debtors to return the Goods; and (v) compelling the Debtors to pay all amounts for the Goods if the Goods are not returned.

WHEREFORE, MGA respectfully requests that this Court (i) enter the proposed order and (ii) grant such relief as the Court deems just and proper.

Dated: March 16, 2018

Respectfully submitted,

**KELLEY DRYE & WARREN LLP**

By: */s/ Joseph D. Wilson*
Joseph D. Wilson
Washington Harbour, Suite 400
3050 K Street, NW
Washington, D.C. 20007
Telephone: (202) 342-8504
Facsimile: (202) 342-8451
Email: jwilson@kelleydrye.com

**KELLEY DRYE & WARREN LLP**
James S. Carr (admission *pro hac vice* pending)
Jason R. Adams (admission *pro hac vice* pending)
Maeghan J. McLoughlin (admitted *pro hac vice*)
101 Park Avenue
New York, New York 10178
Tel: 212-808-7800
Fax: 212-808-7897
Email: jcarr@kelleydrye.com
        jadams@kelleydrye.com
        mmcloughlin@kelleydrye.com

*Counsel for MGA Entertainment, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of March 2018, I caused a copy of the foregoing pleading to be served by electronic means through the Court's ECF system to all parties receiving notices in this case and by first class mail to the following parties:

| | |
|---|---|
| Joshua A. Sussberg, Esquire<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br><br>*Counsel to Debtors* | Michael A. Condyles, Esquire<br>Kutak Rock LLP<br>901 East Byrd Street, Suite 1000<br>Richmond, Virginia 23219<br><br>*Counsel to Debtors* |
| Tyler P. Brown, Esquire<br>Henry P. Long, III, Esquire<br>Justin F. Paget, Esquire<br>Hunton & Williams LLP<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, Virginia 23219<br><br>*Counsel to the ABL/FILO DIP Agent* | Chad J. Husnick, Esquire<br>Robert Britton, Esquire<br>Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br><br>*Counsel to Debtors* |
| Marshall S. Huebner, Esquire<br>Eli Vonnegut, Esquire<br>Davis Polk & Wardwell LLP<br>450 Lexington Avenue<br>New York, New York 10017<br><br>*Counsel to the ABL/FILO DIP Agent* | Dion W. Hayes, Esquire<br>Douglas M. Foley, Esquire<br>Sarah B. Boehm, Esquire<br>McGuire Woods LLP<br>800 East Canal Street<br>Richmond, Virginia 23219<br><br>*Counsel to the Term DIP Agent and*<br>*Ad Hoc Group of B-4 Lenders* |
| Joshua A. Feltman, Esquire<br>Emil A. Kleinhaus, Esquire<br>Neil K. Chatani, Esquire<br>Wachtell, Lipton, Rosen & Katz<br>51 West 52nd Street<br>New York, New York 10019<br><br>*Counsel to the Term DIP Agent and*<br>*Ad Hoc Group of B-4 Lenders* | Cullen D. Speckhart, Esquire<br>Wolcott Rivers Gate<br>200 Bendix Road, Suite 300<br>Virginia Beach, Virginia 23452<br><br>*Counsel to the Official Committee*<br>*of Unsecured Creditors* |
| Paul Leake, Esquire<br>Shana A. Elberg, Esquire<br>George R. Howard, Esquire<br>Skadden, Arps, Slate, Meagher<br>& Flom, LLP<br>4 Times Square<br>New York, New York 10036<br><br>*Counsel to the Prepetition*<br>*ABL/FILO Secured Parties* | Judy A. Robbins<br>Office of the U.S. Trustee - Region 4 -R 701<br>E. Broad Street, Suite 4304<br>Richmond, Virginia 23219<br><br>*U.S. Trustee* |

| | |
|---|---|
| Kenneth H. Eckstein, Esquire<br>Robert T. Schmidt, Esquire<br>Stephen D. Zide, Esquire<br>Rachael L. Ringer, Esquire<br>Kramer Levin Naftalis & Frankel LLP<br>1177 Avenue of the Americas<br>New York, New York 10036<br><br>*Counsel to the Official Committee of*<br>*Unsecured Creditors Committee* | Olya Antle, Esquire<br>Wolcott Rivers Gate<br>919 East Main Street, Suite 1040<br>Richmond, Virginia 23219<br><br>*Counsel to the Official Committee*<br>*of Unsecured Creditors* |
| Jonathan L. Hauser, Esquire<br>Troutman Sanders LLP<br>222 Central Park Avenue Suite 2000<br>Virginia Beach, Virginia 23462<br><br>*Counsel to the Prepetition*<br>*ABL/FILO Secured Parties* | Shannon Pecoraro, Esquire<br>Office of the U.S. Trustee<br>701 East Broad Street, Suite 4304<br>Richmond, Virginia 23219<br><br>*Counsel to U.S. Trustee* |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>TOYS "R" US, INC., *et al.*,<br><br>            Debtors. | Chapter 11<br><br>Case No. 17-34665 (KLP)<br><br>(Jointly Administered) |

**ORDER GRANTING MOTION OF MGA ENTERTAINMENT, INC.
FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE
EXPENSE CLAIMS AND RETURN OF POSTPETITION SHIPMENTS**

Upon the *Motion of MGA Entertainment, Inc. for Allowance and Payment of Administrative Expense Claims and Return of Postpetition Shipments* (the "Motion") in the above-captioned debtors' (the "Debtors") jointly administered bankruptcy cases; and due and adequate notice having been served upon all parties entitled thereto; and it appearing that there is good cause to grant relief requested and that there is no objection to the relief requested left unresolved; it is hereby

**ORDERED** that the Motion is granted; and it is further

**ORDERED** that MGA Entertainment, Inc. shall have an allowed administrative expense claim in the amount of $798,960.35; and it is further

**ORDERED** that the Debtors are directed to pay MGA Entertainment, Inc. the allowed administrative expense claims within three days of entry of this Order; and it is further

**ORDERED** that MGA Entertainment, Inc. has no obligation to supply goods to the Debtors; and it is further

**ORDERED** that the Debtors are obligated to return the Goods to MGA within three days of entry of this Order; and it is further

11

**ORDERED** that this Court shall retain jurisdiction over the implementation of the relief granted herein.

                                                                    The Honorable Keith L. Phillips
United States Bankruptcy Judge

I ask for this:

_____
James S. Carr
Jason R. Adams
Maeghan J. McLoughlin
Kelley Drye & Warren LLP
101 Park Avenue
New York, New York 10178
Tel:  212-808-7800
Fax:  212-808-7897

12