**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**In re:**

| | |
|---|---|
| **Toys "R" Us, Inc., *et al.*,**[1] | Case No. 17-34665-KLP |
| **Debtors.** | Chapter 11 |
| | **(Jointly Administered)** |

## MEMORANDUM OPINION AND ORDER

NTH 250 E LLC ("NTH") owns premises (the "Premises") located at 250 East Route 4, Paramus, New Jersey. NTH leases the Premises to Debtors ("TRU") pursuant to a lease executed on September 19, 1972 (the "Lease") between the predecessors in interest of TRU and NTH. On March 23, 2018, the Court entered the Order (I) Establishing Bidding Procedures and (II) Granting Related Relief [Dkt. No. 2351] (the "Bidding Procedures Order"), approving the Debtors' sale, and assumption and assignment, of certain real property and unexpired leases and auction and bidding procedures for soliciting and selecting the best offers for those assets. The Lease was one of the assets included in the Bidding Procedures Order. TRU, in connection with the Bidding Procedures Order, is seeking final approval of the assumption and assignment of the Lease to Raymours Furniture Company, Inc. ("Raymours") [Dkt. No. 2494].

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's tax identification number, are set forth in the Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief [Dkt. No. 78].

NTH has objected to the proposed assignment, asserting that the transaction is impermissible because the Debtors cannot assign the Lease free and clear of the use restriction contained therein. The Court held an evidentiary hearing on May 10, 2018. At the Court's direction, each party thereafter submitted proposed findings of fact and conclusions of law. The Court has carefully considered the evidence and submissions of the parties. For the following reasons, NTH's objection is overruled.

## Jurisdiction

Pursuant to 28 U.S.C. §§ 157(a) and 1334(b) and the general order of reference for the U.S. District Court for the Eastern District of Virginia dated August 15, 1984, this Court has subject matter jurisdiction over the Debtors' bankruptcy cases and this contested matter relating to the Debtors' proposed assumption and assignment of the Lease. This is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A),(N) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Facts

At an active auction conducted on March 29, 2018, pursuant to the Bidding Procedures Order, Raymours and NTH were the primary bidders on the Lease, with Raymours ultimately being the successful bidder. The Raymours bid was $1,300,000. In connection with its bid, Raymours represented that it "intend[ed] to occupy and use . . . the Premises for the retail sale of home and home office furniture, furnishings and accessories and

mattresses and box springs, and such ancillary office and other uses as are incidental to the operation of a retail furniture store. . . ." The bid also provided that it was subject to this Court's order that the assignment would be free and clear of any use restrictions contained in the Lease. The Lease contains the following use restriction: "The demised premises shall not be used for a store which has as its principal business the sale at retail of automobiles, other than toy automobiles, and furniture, excluding juvenile furniture" (the "Use Restriction"). On March 30, 2018, the Debtors filed a notice proposing to assume and assign the Lease to Raymours, with NTH[2] as the backup bidder.

The Premises are located on a fifty-acre real estate development that contains sixteen buildings. Each building is owned by a separate LLC (collectively, the "Hegeman Entities"), with each LLC being owned by N.T. Hegeman Co., Ltd., the managing member and sole equity owner of NTH. Among the tenants in the development are Macy's, Thomasville Furniture, and Mattress Firm.

## Discussion

NTH has objected to the proposed assignment, asserting that the transaction is impermissible because the Use Restriction cannot be voided. The Debtors argue that § 365(f) of the Bankruptcy Code, 11 U.S.C. § 365(f),

---

[2] The notice listed "Landlord" as the backup bidder. The NTH representative testified at the hearing that NTH's final bid was $1,250,000.

3

allows them to assign the Lease free and clear of the Use Restriction. Section 365(f) provides that:

> (f)(1) Except as provided in subsections (b) and (c) of this section, notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection.
> (2) The trustee may assign an executory contract or unexpired lease of the debtor only if--
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and
> (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.
> (3) Notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law that terminates or modifies, or permits a party other than the debtor to terminate or modify, such contract or lease or a right or obligation under such contract or lease on account of an assignment of such contract or lease, such contract, lease, right, or obligation may not be terminated or modified under such provision because of the assumption or assignment of such contract or lease by the trustee.

The parties agree that the Premises are not part of a shopping center, as that term is used in § 365(b)(3), thus making the provisions of § 365(b)(3) inapplicable.[3] Thus, the only issue before the Court is whether the Debtors may, using the authority of § 365(f), assign the Lease free and clear of the Use Restriction.

In analyzing § 365(f)'s function in the assignment of executory contracts, the Court is guided by the philosophy espoused in *In re Adelphia Communications Corp.*:

---

[3] Section 365(b)(3) contains separate requirements for the provision of adequate assurance of future performance if a shopping center lease is sought to be assigned.

4

> Section 365(f) of the Code addresses the assignment of executory contracts, and its subsection (f)(1), which implements a general Congressional purpose to permit assignments, to maximize recovery for creditors, sets forth a general rule authorizing the assignment of executory contracts notwithstanding provisions in those contracts that prohibit, restrict or condition assignment. That is important, as Code section 365(f) implements a Congressional policy determination that executory contracts are valuable assets of the estate, and that except in those relatively rare cases where the realization of their value gives rise to material prejudice to the contract counterparty other than the loss of a prospective windfall, the economic value in such contracts should go not to the contract counterparty, but rather to the debtor's creditor community generally.

359 B.R. 65, 73 (Bankr. S.D.N.Y. 2007). Similarly, the court in *In re Chicago Investments, LLC,* observed that a court must balance the benefit to the debtor versus the harm to the landlord by examining

> the particular facts and circumstances of the transaction to determine whether a lease clause restricts or conditions assignment including the extent to which the provision hampers a debtor's ability to assign, whether the provision would prevent the bankruptcy estate from realizing the full value of its assets, and the economic detriment to the non-debtor party.

470 B.R. 32, 89 (Bankr. D. Mass. 2012) (quoting *E-Z Serve Convenience Stores, Inc.*, 289 B.R. 45, 50 (Bankr. M.D. N.C. 2003)). *See also Hannaford Bros. Co. v. Ames Dep't Stores, Inc. (In re Ames Dep't Stores, Inc.)*, 316 B.R. 772, 794 (Bankr. S.D.N.Y. 2004) ("Section 365(f) performs an important function for maximizing the value in an estate for creditors. It protects the body of creditors as a whole from provisions, typically in leases, that frustrate the estate's ability to convert the economic value in leases into cash that can increase creditor recoveries. But while section 365(f) can, and should, be

5

used to invalidate provisions that frustrate those goals, a bankruptcy court nevertheless must be attentive to the facts of the particular case to ensure that section 365(f) is not used indiscriminately.").

Courts have addressed the harm that must demonstrated by a landlord in applying such a balancing test. In *In re U.S. Radio Corp.*, the court held that:

> [s]ection 365 expresses a clear Congressional policy favoring assumption and assignment. Such a policy will insure that potential valuable assets will not be lost by a debtor who is reorganizing his affairs or liquidating assets for distribution to creditors. This policy parallels case law which disfavors forfeiture. To prevent an assignment of an unexpired lease by demanding strict enforcement of a use clause, and thereby contradict clear Congressional policy, *a landlord or lessor must show that actual and substantial detriment would be incurred by him if the deviation in use was permitted.*

*In re U.L. Radio Corp.*, 19 B.R. 537, 544 (Bankr. S.D. N. Y. 1982) (emphasis added) (citing *In re Huntington Limited*, 654 F.2d 578, 584 n.7 (9th Cir. 1981); 2 Collier on Bankruptcy P 365.06 n.1 (15th ed. 1981)).

The facts and circumstances of this case compel the Court to find that the Use Restriction will unduly hamper the Debtors' ability to assign the Lease and prevent the full realization of the value of the Debtors' assets. When balancing the interests of the Debtors against those of NTH, it is evident that the interest of the Debtors in obtaining the full value of the below-market Lease outweighs the detriment to NTH. In this case, NTH has failed to provide any clear evidence of harm beyond its inability to acquire an

6

undervalued lease at the expense of the Debtors. The $1,300,000 offered by Raymours represents maximum value to the bankruptcy estates.

The evidence before the Court is that Raymours would not have bid on the Lease had it thought that the Use Restriction would be retained. (Transcript of May 10, 2018 hg. at 99)[Dkt. No. 3073]. The effect of the Raymours auction participation was to increase the price of the Lease to $1,300,000, which was a substantial increase over NTH's initial $500,000 bid. The parties do not contest that after multiple rounds of bidding between Raymours and NTH, NTH withdrew, leaving Raymours the successful bidder. This undoubtedly led to a maximization of the value to be received by the bankruptcy estates. Despite the assertion by NTH that the difference between its highest bid and Raymours' winning bid was only $50,000, had Raymours not continued bidding on the Lease, the purchase price undoubtedly would have been substantially lower than the eventual $1,300,000 winning bid. To find that Raymour's bid would add only $50,000 to the bankruptcy estates would discount the value of Raymour's contribution to the bidding process and may have a chilling effect on future competitive bidding.

The Court also finds that NTH has not proven any definitive harm it will suffer if the Use Restriction is invalidated pursuant to § 365(f). The Debtors and Raymours point out that NTH does not own any other properties near the Premises, since each of the other nearby properties is owned by a

7

separate limited liability company in the Hegeman Entities.  Therefore, they argue, any possible damage from enforcement of the Use Restriction would be to those separate companies and not to NTH.  However, even if the Court disregards those corporate identities and treats all of the separate Hegeman Entities as one entity, the Court finds that NTH has failed to establish the "actual and substantial detriment" required by *U.L. Radio Corp.*

NTH argues that operation of a furniture store on the Premises could negatively impact tenants of other Hegeman Entities that might be competitive with Raymours.  In particular, NTH posits that the failure to invalidate the Use Restriction might discourage another tenant, Macy's furniture store, from renewing its lease.  However, NTH has not provided the Court with any evidence beyond speculation and generalized references to tenant mix to support its theory.  There was no evidence that any representative of NTH had spoken to a representative of Macy's with respect to the Use Restriction or Macy's future plans.  In fact, NTH's representative testified that Macy's has not threatened to leave if Raymours establishes a store on the Premises. (Transcript of May 10, 2018 hg. at 133) [Dkt. No. 3073]

The Court finds that the possibility of harm to NTH resulting from the assignment free and clear of the Use Restriction is outweighed by the benefit of the sale to the Debtors' bankruptcy estates.  Therefore, the Court will approve the assignment of the Lease to Raymours free and clear of the Use Restriction pursuant to § 365(f), and

8

**IT IS ORDERED** that NTH's objection to the proposed assumption and assignment of the Lease is overruled.

Date: May 31, 2018   /s/ Keith L. Phillips
United States Bankruptcy Judge

Copies to:   Entered on Docket: May 31, 2018

Peter J. Barrett, Esq.
Kutak Rock LLP
901 East Byrd Street Suite 1000
Richmond, VA 23219-4071

Michael A. Condyles, Esq.
Kutak Rock LLP
901 East Byrd Street Suite 1000
Richmond, VA 23219-4071

Jeremy S. Williams, Esq.
Kutak Rock LLP
901 East Byrd Street Suite 1000
Richmond, VA 23219-4071

Edward O. Sassower, Esq.
Edward O. Sassower, P.C.
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
601 Lexington Ave.
New York, NY 10022

Joshua A. Sussberg, Esq.
Joshua A. Sussberg, P.C.
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
601 Lexington Ave.
New York, NY 10022

James H.M. Sprayregen, Esq.
James H.M. Sprayregen, P.C.
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
300 N. LaSalle
Chicago, IL 60654

Anup Sathy, Esq.
Anup Sathy, P.C.
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
300 N. LaSalle
Chicago, IL 60654

Chad J. Husnick, Esq.
Chad J. Husnick, P.C.
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
300 N. LaSalle
Chicago, IL 60654

Emily E. Geier, Esq.
Kirkland & Ellis LLP
Kirkland & Ellis International LLP
300 N. LaSalle
Chicago, IL 60654

Joel R. Glucksman, Esq.
SCARINCI & HOLLENBECK, LLC
1100 Valley Brook Avenue
Lyndhurst, NJ 07071

Derek Y. Sugimura, Esq.
WEISBROD MATTEIS & COPLEY PLLC
1200 New Hampshire Ave. NW, Suite 600
Washington, DC 20036

Alexander McDonald Laughlin , Esq.
Odin Feldman & Pittleman, P.C.
1775 Wiehle Avenue Suite 400
Reston, VA 20190

Lauren Friend McKelvey, Esq.
Odin, Feldman & Pittleman, PC
1775 Wiehle Avenue Suite 400
Reston, VA 20190

Mark T. Power, Esq.
Alison M. Ladd, Esq.
HAHN & HESSEN LLP
488 Madison Avenue
New York, NY 10022