Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

*Co-Counsel to the TRU Inc. Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF THE TRU INC. TRUST'S SIXTY-THIRD
## OMNIBUS OBJECTION TO CERTAIN (A) NO LIABILITY CLAIMS
## AND (B) EXACT DUPLICATE CLAIM

**PLEASE TAKE NOTICE THAT** on April 17, 2019, TRU Inc. Trust (collectively, the "Trust")[2] filed the *TRU Inc. Trust's Sixty-Third Omnibus Objection to Certain (A) No Liability Claims and (B) Exact Duplicate Claim* (the "Omnibus Objection") with the Bankruptcy Court. The Omnibus Objection is available at https://cases.primeclerk.com/toysrus/ by searching "Sixty-Second Omnibus Objection" in the "Search Docket" field. By the Omnibus Objection, the Trust is seeking to disallow claims, including your claim(s), as set forth on **Exhibit A** attached hereto, because the Trust alleges your claim(s) either: (i) is a claim for which the Debtors do not reflect any liability or (ii) constitutes a duplicate of another filed claim.

**PLEASE TAKE FURTHER NOTICE THAT** on August 8, 2018, the Bankruptcy Court entered the *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections* [Docket No. 4080] (the "Order"), approving procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims" and each

---

[1]     The debtors in these chapter 11 cases, Toys "R" Us, Inc. and its debtor affiliates (collectively, the "Debtors") along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 78]. The location of the Debtors' service address is One Geoffrey Way, Wayne, New Jersey 07470.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

individually, a "<u>Claim</u>") in connection with the above-captioned chapter 11 cases (the "<u>Omnibus Objection Procedures</u>").

YOU ARE RECEIVING THIS NOTICE BECAUSE ALL CLAIMS LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OMIBUS OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION</u>.  THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OMIBUS OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

MOREOVER, UNDER THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT WITHIN 21 CALENDAR DAYS OF THE MAILING OF THIS OBJECTION (THE "<u>RESPONSE DEADLINE</u>") AND SERVED ON THE OBJECTING PARTY, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OMNIBUS OBJECTION AS CONCEDED, AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.

**Critical Information for Claimants**
**Choosing to File a Response to the Omnibus Objection**

<u>Who Needs to File a Response</u>:  If you oppose the modification or disallowance of your Claim(s) listed below and if you are unable to resolve the Omnibus Objection with the Trust before the deadline to object, then you <u>must</u> file and serve a written response (the "<u>Response</u>") to the Omnibus Objection in accordance with this Notice.

If you do not oppose the modification or disallowance and expungement of your Claim(s) listed below, then you do not need to file a written Response to the Omnibus Objection and you do not need to appear at the hearing.

<u>Response Deadline</u>:  The Response Deadline is **4:00 p.m. prevailing Eastern Time on May 8, 2019 (the "Response Deadline")**.

THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED BY THE RESPONSE DEADLINE.

Your Response will be deemed timely filed only if the Response is **actually** **received** on or before the Response Deadline by the Bankruptcy Court via CM/ECF or at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street
Richmond, Virginia 23219

<u>If the Omnibus Objection is filed by the Trust</u>, the automatic ECF notification for a timely and properly filed Response will satisfy service requirements, and the Response may also be served on counsel for the Trust at the following addresses:

<table>
<tr><td><b>Kirkland & Ellis LLP</b><br>Attn: Brett Newman<br>300 North LaSalle<br>Chicago, Illinois 60654</td><td><b>Kirkland & Ellis LLP</b><br>Attn: Emily E. Geier<br>601 Lexington Avenue<br>New York, New York 10022</td></tr>
</table>

Unless otherwise adjourned by the Bankruptcy Court or the Trust pursuant to the Omnibus Objection Procedures, the hearing on the Omnibus Objection and your Response will be held at **1:00 p.m. prevailing Eastern Time on May 15, 2019, at:**

United States Bankruptcy Court
701 East Broad Street – Courtroom 5100
Richmond, Virginia 23219

**Procedures for Filing a Timely Response
<u>and Information Regarding the Hearing on the Omnibus Objection</u>**

*Contents*.  Each Response must contain the following (at a minimum):

1.  a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, and the case number and the title of the Omnibus Objection to which the Response is directed;

2.  the claimant's name and an explanation for the amount of the Claim;

3.  a concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection with respect to your Claim(s), including, without limitation, the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

4.  a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection at the hearing; and

5.  your name, address, telephone number and email address and/or the name, address, telephone number and email address of your attorney and/or designated representative to whom the attorneys for the Trust should serve a reply to the Response, if any (collectively, the "<u>Notice Addresses</u>").  If a Response contains Notice Addresses that are different from the name and/or address listed on the Claim, the Notice Addresses will control and will become the service address for future service of papers with respect to all of your Claims listed in the Omnibus Objection (including all Claims to be disallowed and expunged and the surviving claims) and only for those Claims in the Omnibus Objection.

*Additional Information*.  To facilitate a resolution of the Omnibus Objection, your Response should also include the name, address, telephone number, and email address of the party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will *not* become the service address for future service of papers.

*Failure to File Your Timely Response*.  If you fail to file your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice and timely serve it on the Trust's attorneys, the Trust will present to the Bankruptcy Court an appropriate order granting the relief requested in the Omnibus Objection *without further notice* to you.

*Hearing Attendance*.  If you file a Response to the Omnibus Objection, then you should plan to appear at the hearing on the Omnibus Objection.  The Trust, however, reserves the right to continue the hearing with respect to the Omnibus Objection and the Response.

*Rescheduling the Hearing*.  If the Bankruptcy Court determines that the hearing on the Omnibus Objection will require substantial time for the presentation of argument and/or evidence, then the Bankruptcy Court, in its discretion, may reschedule the hearing.

*Each Objection Is a Contested Matter*.  Each Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such Claim.

## Additional Information

*Reply of the Trust*.  The Trust may file a reply to your Response or reply in oral argument at the hearing.  In such event, the Trust is permitted to file its reply no later than one calendar day before the hearing on the Omnibus Objection and the Response.

*Additional Discovery*.  Upon receipt of your Response, the Trust may determine that discovery is necessary in advance of the hearing on the Omnibus Objection and your Response. In such event, the Trust will serve separate notice to the Notice Addresses that the scheduled hearing will be treated as a status conference during which the parties will request that the Bankruptcy Court issue a scheduling order to facilitate resolution of the Response. Notwithstanding the foregoing, nothing herein modifies any parties' right to seek discovery or request that the scheduled hearing be treated as a status conference.

*Requests for Information*.  If you have any questions regarding the Omnibus Objection and/or if you wish to obtain a copy of the Omnibus Objection or related documents, you may call the Debtors' restructuring hotline at (844) 794-3476.  You may also obtain a copy of the Omnibus Objection or related documents by visiting the Debtors' restructuring website at https://cases.primeclerk.com/toysrus/.

***Reservation of Rights***.    Nothing in this Notice or the Omnibus Objection constitutes a waiver of the Trust's right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions, or any other claims against the claimant of the Debtors.    Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, the Trust has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Trust) at a later date.    In such event, you will receive a separate notice of any such objections.

*[Remainder of page intentionally left blank]*

Richmond, Virginia
Dated:   April 17, 2019

/s/ *Chad J. Husnick*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:          edward.sassower@kirkland.com
                joshua.sussberg@kirkland.com
                emily.geier@kirkland.com

-and-

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email:          james.sprayregen@kirkland.com
                anup.sathy@kirkland.com
                chad.husnick@kirkland.com

*Co-Counsel to the TRU Inc. Trust*

*Filed by*: /s/ *Jeremy S. Williams*

Jeremy S. Williams (VSB No. 77469)

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Co-Counsel to the TRU Inc. Trust*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## TRU INC. TRUST'S SIXTY-THIRD OMNIBUS OBJECTION TO CERTAIN (A) NO LIABILITY CLAIMS AND (B) EXACT DUPLICATE CLAIM

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON SCHEDULES 1-2 TO EXHIBIT A ATTACHED TO THIS OBJECTION.**

The TRU Inc. Trust (the "Trust") files this omnibus objection (this "Objection") and seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"):

- disallowing and expunging the claims identified on **Schedule 1** to the Order (collectively, the "No Liability Claims") in their entirety because based on the Debtors' books and records, the Debtors have no liability for such claims; and

- disallowing and expunging the claim identified on **Schedule 2** to the Order (collectively, the "Exact Duplicate Claims" and together with the No Liability Claims, the "Disputed Claims") in its entirety because such claim constitutes an exact duplicate of another filed claim.

---

[1]    The debtors in these chapter 11 cases, Toys "R" Us, Inc. and its debtor affiliates (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 78]. The location of the Debtors' service address is One Geoffrey Way, Wayne, New Jersey 07470.

In support of this Objection, the Trust submits the *Declaration of Thomas Behnke in Support of the TRU Inc. Trust's Sixty-Third Omnibus Objection to Certain (A) No Liability Claims and (B) Exact Duplicate Claim* (the "Omnibus Objection") with the Bankruptcy Court. The Omnibus Objection is available (the "Behnke Declaration"), attached to this Objection as **Exhibit B**, and respectfully state as follows.

## Jurisdiction

1.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984. The Trust confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      The bases for the relief requested herein are sections 502 and 1106(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 9014, and Rule 3007–1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules").

## Relief Requested

3.      By this Objection, the Trust respectfully requests entry of an order (a) disallowing and expunging the Disputed Claims identified on **Schedules 1-2** to the Order and (b) granting related relief.

**Background**

4.      On September 19, 2017 (the "Petition Date"), the Debtors each filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors were previously

operating their businesses and managing their properties as debtors in possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.  A detailed description surrounding the facts

and circumstances of these chapter 11 cases is set forth in the *Declaration of David A. Brandon,*

*Chairman of the Board and Chief Executive Officer of Toys R Us, Inc., In Support of Chapter 11*

*Petitions and First Day Motions* [Docket No. 20] and the *Declaration of Michael J. Short, Chief*

*Financial Officer of Toys "R" Us, Inc., in Support of Debtors' First Day Motions* [Docket No. 30].

On November 16, 2017, the Debtors filed their schedules of assets and liabilities and statements

of financial affairs [Docket Nos. 1015-1016] (collectively, the "Schedules").

**The Claims Reconciliation Process**

5.      On December 21, 2017, the Court entered the *Amended Order (I) Setting Bar Dates*

*for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9),*

*(II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving*

*the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests,*

*(IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 1332]

(the "General Bar Date Order"), which, among other things, established the following deadline for

filing proofs of claim (collectively, the "General Bar Dates"):  (a) April 6, 2018, as the deadline

for all persons and entities holding or wishing to assert a "claim" (as defined in section 101(5) of

the Bankruptcy Code) against any of the Debtors that arose before the Petition Date (each, a

"Claim"), including any claim arising under section 503(b)(9) of the Bankruptcy Code, to file

proof of such Claim in writing; (b) June 18, 2018, as the deadline for all governmental units

holding or wishing to assert a Claim against any of the Debtors that arose before the Petition Date

3

to file proof of such Claim in writing; and (c) the later of (i) the General Claims Bar Date or the Governmental Bar Date (each as defined in the General Bar Date Order), as applicable, or (ii) 5:00 p.m., prevailing Eastern time, on the date that is 30 days following entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors, as the deadline for all entities holding claims against the Debtors arising from the rejection of executory contracts and unexpired leases of the Debtors, to file proof of such Claim in writing.

6.    On March 22, 2018, the Bankruptcy Court entered the *Order (I) Authorizing the Debtors to Wind-Down U.S. Operations, (II) Authorizing the Debtors to Conduct U.S. Store Closings, (III) Establishing Administrative Claims Procedures, and (IV) Granting Related Relief* [Docket No. 2344] pursuant to which the Court authorized the Debtors to begin to wind down their U.S. operations.

7.    On May 25, 2018, the Court entered the *Amended Order (I) Setting a Bar Date for Filing Proofs of Administrative Claims Against Certain Debtors, (II) Establishing Administrative Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative Claims, (IV) Approving Notice of the Administrative Claims Bar Date, and (V) Granting Related Relief* [Docket No. 3260] (the "Admin Claims Bar Date Order" and together with the General Bar Date Order, the "Bar Date Orders"), which, among other things, established:  (a) July 16, 2018, as the deadline to file proof of such claim in writing for all persons and entities holding or wishing to assert a claim entitled to administrative priority under 11 U.S.C. § 503 (other than § 503(b)(9)) (each, an "Administrative Claim") against any of the Debtors that arose between the Petition Date and on or prior to June 30, 2018; and (b) the earlier of: (i) the 15th day of the month at 5:00 p.m., prevailing Eastern Time following the month in which the claim arose; or (ii) 14 days following any hearing on a plan of liquidation, structured settlement, or other proposed resolution to the

Debtors' chapter 11 cases, at 5:00 p.m., prevailing Eastern Time, for any Administrative Claim arising after June 30, 2018 (collectively, the "Admin Bar Dates" and together with the General Bar Dates, the "Bar Dates") as the deadline to file proof of such Administrative Claim in writing.

8.      Written notice of the Bar Dates was mailed to, among others, all known creditors and other known holders of claims against the Debtors, identified as of the date of entry of the Bar Date Orders, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Orders.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Dates in *USA Today* (national edition) (with respect to the Bar Dates) and the *Wall Street Journal* (national edition) (with respect to the General Bar Dates).

9.      On August 8, 2018, the Court entered the *Order (I) Approving Procedures for Filing Omnibus Objections to Claims, (II) Approving the Form and Manner of the Notice of Omnibus Objections, and (III) Granting Related Relief* [Docket No. 4080] approving the Debtors' proposed objection procedures (the "Objection Procedures").  This Objection is filed in accordance with the Objection Procedures.

10.     To date, entities have filed approximately 25,000 proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims against the Debtors on an aggregate basis (collectively, the "Proofs of Claim"), collectively asserting more than $116.2 billion in aggregate liabilities, of which 5,200 assert administrative priority in the collective amount of approximately $103.2 billion.  The Trust and its advisors are in the process of reviewing the Proofs of Claim, including supporting documentation, if any, filed with the Proofs of Claim, and reconciling the Proofs of Claim with the Debtors' books and records to determine the validity of the Proofs of Claim.  For the reasons set forth in more detail below, and based on their review

5

to date, the Trust has determined that the Disputed Claims are objectionable on the grounds set forth below.

## Objection

### I.    No Liability Claims

11.    The Trust objects to the No Liability Claims set forth on **Schedule 1** to the Order. Based on its review of the Proofs of Claim and a thorough analysis of the Debtors' books and records, the Trust has determined that the No Liability Claims, as filed, do not accurately reflect amounts owed by the Debtors according to their books and records. Instead, the Trust asserts that the Debtors have no liability for such Proofs of Claim.

12.    For the reasons set forth above, the Trust is seeking an order expunging and disallowing the No Liability Claims, as identified on **Schedule 1** to the Order.  Failure to disallow and expunge the No Liability Claims could result in the applicable claimants receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, elimination of the No Liability Claims will enable the Trust to maintain a more accurate claims register.  Accordingly, the Trust requests that the Court enter the Order, disallowing and expunging the No Liability Claims identified on **Schedule 1** to the Order.

### II.    Exact Duplicate Claim

13.    The Trust objects to the Exact Duplicate Claim.  Based on its review of the Proof of Claim and a thorough analysis of the Debtors' books and records, the Trust has determined that the Exact Duplicate Claim identified on the "Claims to Be Disallowed" column on **Schedule 2** to the Order, duplicates an amount requested in the subsequently filed Proof of Claim identified in the "Remaining Claims" column on **Schedule 2** to the Order.  Failure to disallow and expunge the Exact Duplicate Claim could result in the applicable claimant receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors.  Moreover, elimination

of the Exact Duplicate Claim will enable the Trust to maintain a more accurate claims register. Accordingly, the Trust requests that the Court enter the Order, disallowing and expunging the Exact Duplicate Claim identified on **Schedule 2** to the Order.  This Objection does not affect the Proof of Claim labeled as a "Remaining Claim" identified on **Schedule 2** to the Order.

## Basis for Relief

14.    Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." A debtor in possession has the duty to object to the allowance of any claim that is improper.  *See* 11 U.S.C. § 1106(a)(1).

15.    As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).  Bankruptcy courts have generally held that in order to receive the benefit of *prima facie* validity, however, the claimant must set forth facts necessary to support the claim.  *See In re McCarthy*, No. 04-10493, 2004 WL 5683383, at *5 (Bankr. E.D. Va. July 14, 2004).  Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party shows that there exists a "true dispute" as to the validity and amount of the claim. *See In re Computer Learning Ctrs., Inc.*, 298 B.R. 569, 578 (Bankr. E.D. Va. 2003) (quoting Collier on Bankruptcy ¶ 3001.09[2] (15th ed. revised 2003)).  Once the objecting party refutes an allegation critical to the claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Allegheny*, 954 F.2d at 173.  In other words, once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

16.     For the reasons set forth in this Objection and in the Behnke Declaration, the Court should disallow and expunge the Disputed Claims as requested in herein.  If the Disputed Claims are not formally modified or disallowed and expunged, the potential exists for the applicable claimants to receive recoveries to which they are not entitled, to the detriment of the Debtors' other stakeholders and the process of claims administration and reconciliation will be unnecessarily burdensome.  Thus, the relief requested in this Objection is necessary to prevent any inappropriate distribution of estate funds and to facilitate the administration of the claims-allowance process.

## Separate Contested Matter

17.     Each of the above objections to the proofs of claim constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Trust requests that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each Claim.

## Responses to Omnibus Objections

18.     To contest this Objection, a claimant must file and serve a written response to this Objection in accordance with the Objection Procedures.  If a claimant fails to file and serve a response in accordance with the Objection Procedures, the Trust may present to the Court an appropriate order disallowing the Disputed Claim, without further notice to the claimant or a hearing.

## Reservation of Rights

19.     Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Trust's or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion;

(e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

### Notice

20.     The Trust will provide notice of this Motion via first class mail or email (where available) to the Core Group as defined in the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 129] and to holders of the Disputed Claims identified on **Schedules 1-2** to the Order.  The Trust submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

21.     No prior request for the relief sought in this Objection has been made to this or any other court.

WHEREFORE, the Trust respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Richmond, Virginia

Dated:   April 17, 2019

/s/ *Chad J. Husnick*
_____

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice)*
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        edward.sassower@kirkland.com
              joshua.sussberg@kirkland.com
              emily.geier@kirkland.com


-and-

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        james.sprayregen@kirkland.com
              anup.sathy@kirkland.com
              chad.husnick@kirkland.com


*Co-Counsel to the TRU Inc. Trust*

*Filed by*: /s/ *Jeremy S. Williams* _____
Jeremy S. Williams (VSB No. 77469)

**<u>Exhibit A</u>**

**Proposed Form of Order**

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Co-Counsel to the TRU Inc. Trust*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 (KLP) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER GRANTING THE TRU INC. TRUST'S SIXTY-THIRD OMNIBUS OBJECTION TO CERTAIN (A) NO LIABILITY CLAIMS AND (B) EXACT DUPLICATE CLAIM

Upon the omnibus objection (the "<u>Objection</u>")[2] of the Trust for entry of an order (this "<u>Order</u>"): (a) disallowing and expunging the Disputed Claims identified on **Schedules 1-2** attached hereto, in accordance with section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007–1; and (b) granting related relief, all as more fully set forth in the Objection; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b);

---

[1]    The debtors in these chapter 11 cases, Toys "R" Us, Inc. and its debtor affiliates (collectively, the "<u>Debtors</u>"), along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (1) Directing Joint Administration of Chapter 11 Cases and (II) Granting  Related Relief* [Docket No. 78]. The location of the Debtors' service address is One Geoffrey Way, Wayne, New Jersey 07470.

[2]    Capitalized terms used but not otherwise defined in this Order have the meanings given to them in the Objection.

and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Objection having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1.      The Objection is granted as set forth in this Order.

2.      Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3.      Each No Liability Claim, as identified on **Schedule 1** to this Order, is expunged and disallowed in its entirety.

4.      The Exact Duplicate Claim in the "Claims to Be Disallowed" column identified on **Schedule 2** attached to this Order is disallowed and expunged in its entirety; *provided* that nothing in this Order will affect the Proof of Claim listed in the "Remaining Claims" column on **Schedule 2**; *provided*, *further*, that the Trust maintains the right to object to the Proof of Claim identified in the "Remaining Claims" column on **Schedule 2** on any applicable grounds.

5.      Prime Clerk LLC, the Debtors' notice and claims agent, is directed to update the claims register to reflect the relief granted in this Order.

6.      Except as provided in this Order, nothing in this Order will be deemed (a) an admission or finding as to the validity of any Proof of Claim against a Debtor entity, (b) a waiver of the right of the Trust to dispute any Proof of Claim against any Debtor on any grounds whatsoever, at a later date, (c) a promise by or requirement on any Debtor to pay any Proof of Claim, (d) an implication or admission that any particular Proof of Claim is of a type specified or defined in this Order, or (e) a waiver of the rights of the Trust under the Bankruptcy Code or any other applicable law.

7.      Each of the Disputed Claims and the objections by the Trust to each of the Disputed

Claims, as addressed in the Objection and set forth on **Schedules 1-2**, each attached to this Order,

constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order will

be deemed a separate Order with respect to each Disputed Claim.  Any stay of this Order pending

appeal by any claimants whose Proofs of Clam are subject to this Order will only apply to the

contested matter that involves such claimant and will not act to stay the applicability or finality of

this Order with respect to the other contested matters identified in the Objection or this Order.

8.      The Trust is authorized to take all actions necessary to effectuate the relief granted

pursuant to this Order in accordance with the Objection.

9.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation of this Order.

Dated: _____
Richmond, Virginia                          _____
                                            THE HONORABLE KEITH L. PHILLIPS
                                            UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

Richmond, Virginia
Dated:   April 17, 2019

/s/ Chad J. Husnick_____
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:         edward.sassower@kirkland.com
               joshua.sussberg@kirkland.com
               emily.geier@kirkland.com


-and-

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200
Email:         james.sprayregen@kirkland.com
               anup.sathy@kirkland.com
               chad.husnick@kirkland.com


*Co-Counsel to the TRU Inc. Trust*

*Submitted by: /s/ Jeremy S. Williams*_____
Jeremy S. Williams (VSB No. 77469)


### CERTIFICATION OF ENDORSEMENT
### UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has
been endorsed by or served upon all necessary parties.

_____/s/ Jeremy S. Williams_____

## Schedule 1

**No Liability Claims**

Toys "R" Us, Inc. 17-34665 (KLP)
Sixty-Third Omnibus Objection
Schedule 1 - Conflicts - No Liability

| | NAME | DATE FILED | CASE NUMBER | DEBTOR | CLAIM # | ASSERTED CLAIM AMOUNT |
|---|---|---|---|---|---|---|
| 1 | MONTGOMERY COUNTY<br>JOHN P. DILLMAN<br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>PO BOX 3064<br>HOUSTON, TX 77253-3064 | 10/31/2018 | 17-34665 (KLP) | Toys "R" Us, Inc. | 22637 | $ 101,390.82* |
| | Reason: According to the Debtors' books and records, Debtors are not liable for the asserted claim per a review of the claimant's Proof of Claim, the documents attached thereto, and a reasonable review of the Debtors' books and records. | | | | | |
| 2 | MONTGOMERY COUNTY<br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>JOHN P. DILLMAN<br>PO BOX 3064<br>HOUSTON, TX 77253-3064 | 1/29/2019 | 17-34665 (KLP) | Toys "R" Us, Inc. | 22861 | $ 405,563.28* |
| | Reason: According to the Debtors' books and records, Debtors are not liable for the asserted claim per a review of the claimant's Proof of Claim, the documents attached thereto, and a reasonable review of the Debtors' books and records. | | | | | |
| 3 | ZURICH SERVICES CORPORATION<br>FOX SWIBEL LEVIN & CARROLL LLP<br>MARGARET M. ANDERSON<br>200 WEST MADISON<br>SUITE 3000<br>CHICAGO, IL 60606 | 9/5/2018 | 17-34665 (KLP) | Toys "R" Us, Inc. | 22333 | Undetermined* |
| | Reason: According to the Debtors' books and records, Debtors are not liable for the asserted claim per a review of the claimant's Proof of Claim, the documents attached thereto, and a reasonable review of the Debtors' books and records. | | | | | |
| | | | | | TOTAL | $ 506,954.10* |

## **Schedule 2**

**Exact Duplicate Claim**

Toys "R" Us, Inc. 17-34665 (KLP)
Sixty-Third Omnibus Objection
Schedule 3 - Conflicts - Exact Duplicate

| | CLAIMS TO BE DISALLOWED | | | | | REMAINING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLASSES | CLAIM AMOUNTS | NAME | DATE FILED | CASE NUMBER / DEBTOR | CLAIM # | CLASSES | CLAIM AMOUNTS |
| 1  THE BANK OF NEW YORK MELLON EMMET, MARVIN & MARTIN, LLP ATTN: THOMAS A. PITTA, ESQ. 120 BROADWAY, 32ND FLOOR NEW YORK, NY 10271 | 03/30/18 | 17-34665 (KLP) Toys "R" Us, Inc. | 3597 | Unsecured | $21,762,551.63 * | THE BANK OF NEW YORK MELLON EMMET, MARVIN & MARTIN, LLP ATTN: THOMAS A. PITTA, ESQ. 120 BROADWAY, 32ND FLOOR NEW YORK, NY 10271 | 03/30/18 | 17-34665 (KLP) Toys "R" Us, Inc. | 3585 | Unsecured | $21,762,551.63* |

* Indicates claim contains unliquidated and/or undetermined amounts

## Exhibit B

**Behnke Declaration**

Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Emily E. Geier (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:       (212) 446-4800
Facsimile:       (212) 446-4900

*Co-Counsel to the TRU Inc. Trust*

James H.M. Sprayregen, P.C.
Anup Sathy, P.C.
Chad J. Husnick, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:       (312) 862-2000
Facsimile:       (312) 862-2200

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## DECLARATION OF THOMAS BEHNKE
## IN SUPPORT OF THE TRU INC. TRUST'S SIXTY-THIRD OMNIBUS OBJECTION
## TO CERTAIN (A) NO LIABILITY CLAIMS AND (B) EXACT DUPLICATE CLAIM

I, Thomas Behnke, hereby declare under penalty of perjury:

1.        I am a Managing Director with Alvarez & Marsal North America, LLC, ("A&M"),

a restructuring advisory services firm with numerous offices throughout the country.[2]  I, along

with my colleagues at A&M, have been engaged by the Trust to provide claims reconciliation

services.  In my current position with the Trust, I am responsible for all claims management related

matters.  I am generally familiar with the Debtors' day-to-day operations, financing arrangements,

business affairs, and books and records that reflect, among other things, the Debtors' liabilities and

---

[1]      The debtors in these chapter 11 cases, Toys "R" Us, Inc. and its debtor affiliates (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting   Related Relief* [Docket No. 78].  The location of the Debtors' service address is One Geoffrey Way, Wayne, New Jersey 07470.

[2]      Capitalized terms used but not otherwise defined in this Declaration have the meanings given to them in the Objection.

the amount thereof owed to their creditors as of the Petition Date.  I am above 18 years of age, and I am competent to testify.

2.      I submit this declaration (this "Declaration") in support of the *TRU Inc. Trust's Sixty-Third Omnibus Objection to Certain (A) No Liability Claims and (B) Exact Duplicate Claim* (the "Objection") and am directly, or by and through the Trust's advisors and personnel, familiar with the information contained therein and the exhibits and schedules attached thereto.  I am authorized to submit this declaration on the Trust's behalf.  Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, and information I have received from other members of the Debtors' management, the Debtors' employees or the Debtors' advisors.  As to matters regarding state and federal law, including bankruptcy law, I have relied on the advice of counsel.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration on that basis.

3.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed against the Debtors in the chapter 11 cases.  In evaluating the Disputed Claims, the Trust and/or its advisors have thoroughly reviewed the Debtors' books and records and the relevant proofs of claim, as well as the supporting documentation provided by each claimant, if any, and have determined that each Disputed Claim should be modified or disallowed and expunged as set forth in the Objection.  As such, I believe that the modification or expungement and disallowance of the Disputed Claims on the terms set forth in the Objection is appropriate.

## I.      No Liability Claims

10.      To the best of my knowledge, information, and belief, the Trust and/or its advisors have determined that the Proofs of Claim listed on **Schedule 1** to the Order do not accurately reflect amounts owed by the Debtors according to a thorough analysis of the Debtors' books and records, and, therefore, do not represent valid Proofs of Claim against the Debtors' estates.  Failure to disallow and expunge the No Liability Claims could result in the relevant claimants receiving an unwarranted recovery against the Debtors to the detriment of other similarly situated creditors. As such, I believe the disallowance and expungement of the No Liability Claims on the terms set forth in the Objection is appropriate.

## II.      Exact Duplicate Claims.

11.      To the best of my knowledge, information, and belief, the Trust and/or its advisors have determined that, based on its review of the Proof of Claim and a thorough analysis of the Debtors' books and records, the Substantive Duplicate Claim identified on the "Claims to Be Disallowed" column on **Schedule 2** to the Order, duplicate an amount requested in the subsequently filed Proof of Claim identified in the "Remaining Claims" column on **Schedule 2** to the Order.  Failure to disallow and expunge the Substantive Duplicate Claim could result in the applicable claimant receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors.  Moreover, elimination of the Substantive Duplicate Claim will enable the Trusts to maintain a more accurate claims register.  As such, I believe the disallowance and expungement of the Substantive Duplicate Claim on the terms set forth in the Objection is appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  April 17, 2019                          Respectfully submitted,

                                                */s/ Thomas Behnke*
                                                Thomas Behnke, Managing Director
                                                Alvarez & Marsal North America, LLC

4