Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192

*Counsel to Wayne Services Legacy Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## NOTICE OF WAYNE SERVICES LEGACY INC.'S SIXTY-NINTH OMNIBUS OBJECTION TO CERTAIN (A) LATE-FILED CLAIMS, (B) NO LIABILITY CLAIMS, (C) REDUCED AND RECLASSIFIED CLAIMS, AND (D) REDUCED CLAIMS

**PLEASE TAKE NOTICE THAT** on July 17, 2019, Wayne Services Legacy Inc. ("Wayne Services")[2] filed the *Wayne Services Legacy Inc.'s Sixty-Ninth Omnibus Objection to Certain (A) Late-Filed Claims, (B) No Liability Claims, (C) Reduced and Reclassified Claims, and (D) Reduced Claims* (the "Omnibus Objection") with the Bankruptcy Court. The Omnibus Objection is available at https://cases.primeclerk.com/toysrus/ by searching "Sixty-Ninth Omnibus Objection" in the "Search Docket" field. By the Omnibus Objection, Wayne Services is seeking to disallow or modify claims, including your claim(s), as set forth on **Exhibit A** attached hereto, because Wayne Services allege your claim(s) either: (i) was not timely filed, (ii) is a claim for which the Debtors do not reflect any liability, (iii) is in the incorrect amount and asserts an incorrect priority, or (iv) is in the incorrect amount.

**PLEASE TAKE FURTHER NOTICE THAT** on August 8, 2018, the Bankruptcy Court entered the *Order Establishing Omnibus Objection Procedures and Approving the Form and Manner of the Notice of Omnibus Objections* [Docket No. 4080] (the "Order"), approving procedures for filing omnibus objections to proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims (collectively, the "Claims" and each

---

[1]     The debtors in these chapter 11 cases, Toys "R" Us, Inc. and its debtor affiliates (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (1) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 78]. The location of the Debtors' service address is One Geoffrey Way, Wayne, New Jersey 07470.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Objection.

individually, a "<u>Claim</u>") in connection with the above-captioned chapter 11 cases (the "<u>Omnibus Objection Procedures</u>").

      YOU ARE RECEIVING THIS NOTICE BECAUSE ALL CLAIMS LISTED HEREIN THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES ARE SUBJECT TO THE OMNIBUS OBJECTION. <u>YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION</u>. THEREFORE, YOU SHOULD READ THIS NOTICE (INCLUDING THE OMNIBUS OBJECTION AND OTHER ATTACHMENTS) CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.

      MOREOVER, UNDER THE OMNIBUS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE AND A REQUEST FOR A HEARING ARE FILED WITH THE CLERK OF THE COURT WITHIN 21 CALENDAR DAYS OF THE MAILING OF THIS OBJECTION (THE "<u>RESPONSE DEADLINE</u>") AND SERVED ON THE OBJECTING PARTY, THE COURT MAY DEEM ANY OPPOSITION WAIVED, TREAT THE OMNIBUS OBJECTION AS CONCEDED, AND ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.

**Critical Information for Claimants**
**<u>Choosing to File a Response to the Omnibus Objection</u>**

      <u>Who Needs to File a Response</u>:  If you oppose the modification or disallowance of your Claim(s) listed below and if you are unable to resolve the Omnibus Objection with Wayne Services before the deadline to object, then you <u>must</u> file and serve a written response (the "<u>Response</u>") to the Omnibus Objection in accordance with this Notice.

      If you do not oppose the modification or disallowance and expungement of your Claim(s) listed below, then you do not need to file a written Response to the Omnibus Objection and you do not need to appear at the hearing.

      <u>Response Deadline</u>:  The Response Deadline is **4:00 p.m. prevailing Eastern Time on August 7, 2019 (the "Response Deadline")**.

      THE BANKRUPTCY COURT WILL ONLY CONSIDER YOUR RESPONSE IF YOUR RESPONSE IS FILED BY THE RESPONSE DEADLINE.

      Your Response will be deemed timely filed only if the Response is **actually received** on or before the Response Deadline by the Bankruptcy Court via CM/ECF or at the following address:

Clerk of the Bankruptcy Court
United States Bankruptcy Court
701 East Broad Street
Richmond, Virginia 23219

<u>If the Omnibus Objection is filed by Wayne Services</u>, the automatic ECF notification for a timely and properly filed Response will satisfy service requirements, and the Response may also be served on counsel for Wayne Services at the following addresses:

**Kutak Rock LLP**
Attn:  Jeremy S. Williams
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219

Unless otherwise adjourned by the Bankruptcy Court or Wayne Services pursuant to the Omnibus Objection Procedures, the hearing on the Omnibus Objection and your Response will be held at **11:00 a.m. prevailing Eastern Time on August 22, 2019, at:**

United States Bankruptcy Court
701 East Broad Street – Courtroom 5100
Richmond, Virginia 23219

**Procedures for Filing a Timely Response**
**and Information Regarding the Hearing on the Omnibus Objection**

*Contents*.  Each Response must contain the following (at a minimum):

1. a caption setting forth the name of the Bankruptcy Court, the name of the Debtors, and the case number and the title of the Omnibus Objection to which the Response is directed;

2. the claimant's name and an explanation for the amount of the Claim;

3. a concise statement setting forth the reasons why the Bankruptcy Court should not sustain the Omnibus Objection with respect to your Claim(s), including, without limitation, the specific factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

4. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the Omnibus Objection at the hearing; and

5. your name, address, telephone number and email address and/or the name, address, telephone number and email address of your attorney and/or designated representative to whom the attorneys for Wayne Services should serve a reply to the Response, if any (collectively, the "<u>Notice Addresses</u>").  If a Response contains Notice Addresses that are different from the name and/or address listed on the Claim, the Notice Addresses will control and will become the service address for future service of papers with respect to all of your Claims listed in the Omnibus Objection (including all Claims to be disallowed and expunged and the surviving claims) and only for those Claims in the Omnibus Objection.

*Additional Information*.  To facilitate a resolution of the Omnibus Objection, your Response should also include the name, address, telephone number, and email address of the party with authority to reconcile, settle or otherwise resolve the Omnibus Objection on the claimant's behalf (the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will *not* become the service address for future service of papers.

*Failure to File Your Timely Response*.  If you fail to file your Response on or before the Response Deadline in compliance with the procedures set forth in this Notice and timely serve it on the Wayne Services' attorneys, Wayne Services will present to the Bankruptcy Court an appropriate order granting the relief requested in the Omnibus Objection *without further notice* to you.

*Hearing Attendance*.  If you file a Response to the Omnibus Objection, then you should plan to appear at the hearing on the Omnibus Objection.  Wayne Services, however, reserves the right to continue the hearing with respect to the Omnibus Objection and the Response.

*Rescheduling the Hearing*.  If the Bankruptcy Court determines that the hearing on the Omnibus Objection will require substantial time for the presentation of argument and/or evidence, then the Bankruptcy Court, in its discretion, may reschedule the hearing.

*Each Objection Is a Contested Matter*.  Each Claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such Claim.

## Additional Information

*Reply of Wayne Services*.  Wayne Services may file a reply to your Response or reply in oral argument at the hearing.  In such event, Wayne Services is permitted to file its reply no later than one calendar day before the hearing on the Omnibus Objection and the Response.

*Additional Discovery*.  Upon receipt of your Response, Wayne Services may determine that discovery is necessary in advance of the hearing on the Omnibus Objection and your Response.  In such event, Wayne Services will serve separate notice to the Notice Addresses that the scheduled hearing will be treated as a status conference during which the parties will request that the Bankruptcy Court issue a scheduling order to facilitate resolution of the Response. Notwithstanding the foregoing, nothing herein modifies any parties' right to seek discovery or request that the scheduled hearing be treated as a status conference.

*Requests for Information*.  If you have any questions regarding the Omnibus Objection and/or if you wish to obtain a copy of the Omnibus Objection or related documents, you may call the Debtors' restructuring hotline at (844) 794-3476.  You may also obtain a copy of the Omnibus Objection or related documents by visiting the Debtors' restructuring website at https://cases.primeclerk.com/toysrus/.

***Reservation of Rights***.   Nothing in this Notice or the Omnibus Objection constitutes a waiver of Wayne Services' right to assert any claims, counterclaims, rights of offset or recoupment, preference actions, fraudulent-transfer actions, or any other claims against the claimant of the Debtors.  Unless the Bankruptcy Court allows your Claims or specifically orders otherwise, Wayne Services has the right to object on any grounds to the Claims (or to any other Claims or causes of action you may have filed or that have been scheduled by the Debtors) at a later date.  In such event, you will receive a separate notice of any such objections.

[*Remainder of page intentionally left blank*]

Richmond, Virginia
Dated:   July 17, 2019

/s/ Jeremy S. Williams

**KUTAK ROCK LLP**
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:   (804) 644-1700
Facsimile:   (804) 783-6192
Email:        Michael.Condyles@KutakRock.com
              Peter.Barrett@KutakRock.com
              Jeremy.Williams@KutakRock.com

*Counsel to Wayne Services Legacy, Inc.*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:       (804) 644-1700
Facsimile:       (804) 783-6192

*Counsel to Wayne Services Legacy Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| TOYS "R" US, INC., *et al.*,[1] | ) Case No. 17-34665 (KLP) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

## WAYNE SERVICES LEGACY INC.'S SIXTY-NINTH OMNIBUS OBJECTION
## TO CERTAIN (A) LATE-FILED CLAIMS, (B) NO LIABILITY CLAIMS,
## (C) REDUCED AND RECLASSIFIED CLAIMS, AND (D) REDUCED CLAIMS

---

**THIS OBJECTION SEEKS TO MODIFY OR DISALLOW AND EXPUNGE CERTAIN FILED
PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE
THEIR NAMES AND CLAIMS ON SCHEDULES 1-4 TO
EXHIBIT A ATTACHED TO THIS OBJECTION.**

---

Wayne Services Legacy, Inc. ("Wayne Services") files this omnibus objection (this

"Objection") and seeks entry of an order, substantially in the form attached hereto as **Exhibit A**

(the "Order"):

- disallowing and expunging the claims on **Schedule 1** to the Order (collectively, the "Late-Filed Claims") because Wayne Services has determined that such claims were filed after the applicable bar date;

---

[1]     The Debtors in these chapter 11 cases, Toys "R" Us, Inc. and its debtor affiliates (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting   Related Relief* [Docket No. 78].  The location of the Debtors' service address is One Geoffrey Way, Wayne, New Jersey 07470.

- disallowing and expunging the claims identified on **Schedule 2** to the Order (collectively, the "No Liability Claims") in their entirety because based on the Debtors' books and records, the Debtors have no liability for such claims;

- modifying the claims identified on **Schedule 3** to the Order (collectively, the "Reduced and Reclassified Claims") because Wayne Services has determined that such claims assert a higher priority than the priority to which the claims are entitled and such claims were filed in the incorrect amount based on the Debtors' books and records; and

- modifying the claims identified on **Schedule 4** to the Order (collectively, the "Reduced Amount Claims" and together with Late-Filed Claims, the No Liability Claims and Reduced and Reclassified Claims, the "Disputed Claims") because Wayne Services has determined that such claims were filed in the incorrect amount based on the Debtors' books and records.

In support of this Objection, Wayne Services submits the *Declaration of David Black in Support of Wayne Services Legacy Inc.'s Sixty-Ninth Omnibus Objection to Certain (A) Late-Filed Claims, (B) No Liability Claims, (C) Reduced and Reclassified Claims, and (D) Reduced Claims* (the "Black Declaration"), attached to this Objection as **Exhibit B**, and respectfully states as follows.

## Jurisdiction

1.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference from the United States District Court for the Eastern District of Virginia*, dated July 10, 1984.  Wayne Services confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      The bases for the relief requested herein are sections 502 and 1106(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rules 3007 and 9014, and Rule 3007–1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules").

## Relief Requested

3.      By this Objection, Wayne Services respectfully requests entry of an order (a) modifying or disallowing and expunging the Disputed Claims identified on **Schedules 1-4** to the Order and (b) granting related relief.

## Background

4.      On September 19, 2017 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors operated their businesses and managed their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of David A. Brandon, Chairman of the Board and Chief Executive Officer of Toys R Us, Inc., In Support of Chapter 11 Petitions and First Day Motions* [Docket No. 20] and the *Declaration of Michael J. Short, Chief Financial Officer of Toys "R" Us, Inc., in Support of Debtors' First Day Motions* [Docket No. 30].  On November 16, 2017, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 1015-1016] (collectively, the "Schedules").

## The Claims Reconciliation Process

5.      On December 21, 2017, the Court entered the *Amended Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests,*

*(IV) Approving Notice of Bar Dates, and (V) Granting Related Relief* [Docket No. 1332]
(the "General Bar Date Order"), which, among other things, established the following deadline for
filing proofs of claim (collectively, the "General Bar Dates"): (a) April 6, 2018, as the deadline
for all persons and entities holding or wishing to assert a "claim" (as defined in section 101(5) of
the Bankruptcy Code) against any of the Debtors that arose before the Petition Date (each, a
"Claim"), including any claim arising under section 503(b)(9) of the Bankruptcy Code, to file
proof of such Claim in writing; (b) June 18, 2018, as the deadline for all governmental units
holding or wishing to assert a Claim against any of the Debtors that arose before the Petition Date
to file proof of such Claim in writing; and (c) the later of (i) the General Claims Bar Date or the
Governmental Bar Date (each as defined in the General Bar Date Order), as applicable, or
(ii) 5:00 p.m., prevailing Eastern time, on the date that is 30 days following entry of an order
approving the rejection of any executory contract or unexpired lease of the Debtors, as the deadline
for all entities holding claims against the Debtors arising from the rejection of executory contracts
and unexpired leases of the Debtors, to file proof of such Claim in writing.

6.      On March 22, 2018, the Bankruptcy Court entered the *Order (I) Authorizing the
Debtors to Wind-Down U.S. Operations, (II) Authorizing the Debtors to Conduct U.S. Store
Closings, (III) Establishing Administrative Claims Procedures, and (IV) Granting Related Relief*
[Docket No. 2344] pursuant to which the Court authorized the Debtors to begin to wind down their
U.S. operations.

7.      On May 25, 2018, the Court entered the *Amended Order (I) Setting a Bar Date for
Filing Proofs of Administrative Claims Against Certain Debtors, (II) Establishing Administrative
Claims Procedures, (III) Approving the Form and Manner of Filing Proofs of Administrative
Claims, (IV) Approving Notice of the Administrative Claims Bar Date, and (V) Granting Related*

*Relief* [Docket No. 3260] (the "Admin Claims Bar Date Order" and together with the General Bar Date Order, the "Bar Date Orders"), which, among other things, established:  (a) July 16, 2018, as the deadline to file proof of such claim in writing for all persons and entities holding or wishing to assert a claim entitled to administrative priority under 11 U.S.C. § 503 (other than § 503(b)(9)) (each, an "Administrative Claim") against any of the Debtors that arose between the Petition Date and on or prior to June 30, 2018; and (b) the earlier of: (i) the 15th day of the month at 5:00 p.m., prevailing Eastern Time following the month in which the claim arose; or (ii) 14 days following any hearing on a plan of liquidation, structured settlement, or other proposed resolution to the Debtors' chapter 11 cases, at 5:00 p.m., prevailing Eastern Time, for any Administrative Claim arising after June 30, 2018 (collectively, the "Admin Bar Dates" and together with the General Bar Dates, the "Bar Dates") as the deadline to file proof of such Administrative Claim in writing.

8.      Written notice of the Bar Dates was mailed to, among others, all known creditors and other known holders of claims against the Debtors, identified as of the date of entry of the Bar Date Orders, including all entities listed in the Schedules as holding claims against the Debtors, and to all parties who had filed requests for notices under Bankruptcy Rule 2002 as of the date of the Bar Date Orders.  In addition to mailing such actual notice, the Debtors also published notice of the Bar Dates in *USA Today* (national edition) (with respect to the Bar Dates) and the *Wall Street Journal* (national edition) (with respect to the General Bar Dates).

9.      On August 8, 2018, the Court entered the *Order (I) Approving Procedures for Filing Omnibus Objections to Claims, (II) Approving the Form and Manner of the Notice of Omnibus Objections, and (III) Granting Related Relief* [Docket No. 4080] approving the Debtors' proposed objection procedures (the "Objection Procedures").  This Objection is filed in accordance with the Objection Procedures.

10.    To date, entities have filed approximately 25,000 proofs of claim and requests for allowance and payment of administrative expenses and/or cure claims against the Debtors on an aggregate basis (collectively, the "Proofs of Claim"), collectively asserting more than $116.2 billion in aggregate liabilities, of which 5,200 assert administrative priority in the collective amount of approximately $103.2 billion.  Wayne Services and its advisors are in the process of reviewing the Proofs of Claim, including supporting documentation, if any, filed with the Proofs of Claim, and reconciling the Proofs of Claim with the Debtors' books and records to determine the validity of the Proofs of Claim.  For the reasons set forth in more detail below, and based on its review to date, Wayne Services has determined that the Disputed Claims are objectionable on the grounds set forth below.

## Objection

### I.    Late-Filed Claims.

11.    Wayne Services objects to the Late-Filed Claims set forth on **Schedule 1** to the Order.  Based on its review of the Proofs of Claim and a thorough analysis of the claims register, Wayne Services has determined that the Late-Filed Claims reflect Proofs of Claim that were not timely filed.  The Debtors caused Prime Clerk LLC, the Debtors' notice and claims agent, to provide notice of the Bar Date Orders in accordance with the procedures outlined therein.  Wayne Services objects to the Late-Filed Claims because such Proofs of Claims were subject to the Bar Date Orders and were filed after the applicable Bar Dates.  Moreover, Wayne Services believes that each claimant asserting a Late-Filed Claim was provided timely notice of the Bar Date Orders, in accordance with the procedures applicable thereto, and, therefore, had adequate notice of the applicable Bar Dates. Failure to disallow and expunge the Late-Filed Claims could result in the applicable claimants receiving recoveries against the Debtors' estates, in contravention of various notices and orders of the Court, to the detriment of other similarly situated creditors.  Moreover,

elimination of the Late-Filed Claims will enable Wayne Services to maintain a more accurate claims register.  Accordingly, Wayne Services requests that the Court enter the Order, disallowing and expunging the Late-Filed Claims identified on **Schedule 1** to the Order.

## II.    No Liability Claims

12.    Wayne Services objects to the No Liability Claims set forth on **Schedule 2** to the Order.  Based on their review of the Proofs of Claim and a thorough analysis of the Debtors' books and records, Wayne Services has determined that the No Liability Claims, as filed, do not accurately reflect amounts owed by the Debtors according to their books and records. Instead, Wayne Services asserts that they have no liability for such Proofs of Claim.

13.    For the reasons set forth above, Wayne Services is seeking an order expunging and disallowing the No Liability Claims, as identified on **Schedule 2** to the Order.  Failure to disallow and expunge the No Liability Claims could result in the applicable claimants receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, elimination of the No Liability Claims will enable Wayne Services to maintain a more accurate claims register.  Accordingly, Wayne Services requests that the Court enter the Order, disallowing and expunging the No Liability Claims identified on **Schedule 2** to the Order.

## III.    Reduced and Reclassified Claims

14.    Wayne Services objects to the Reduced and Reclassified Claims set forth on **Schedule 3** to the Order.  Based on its review of the Proofs of Claim, Wayne Services has determined that the Reduced and Reclassified Claims, as filed, do not accurately reflect the correct priority or amounts owed for such Proofs of Claim according to the Debtors' books and records. Instead, Wayne Services believes that the asserted priority and amount of such claims as identified in the column titled "Asserted" should be modified to the priority and amount identified in the column titled "Corrected" in the table provided in **Schedule 3** to the Order.  Wayne Services asserts

7

that the priority listed in "Corrected" column for each Reduced and Reclassified Claim represents the appropriate priority and amount for each respective Proof of Claim, as reflected in the Debtors' books and records and/or from the information provided by the claimants.  Failure to modify such claims could result in the relevant claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted.  Accordingly, Wayne Services requests that the Court enter the Order, modifying the Reduced and Reclassified Claims identified on **Schedule 3** to the Order.

## IV. Reduced Amount Claims

15.     Wayne Services objects to the Reduced Amount Claims set forth on **Schedule 4** to the Order.  Based on its review of the Proofs of Claim, Wayne Services has determined that the Reduced Amount Claims, as filed, do not accurately reflect amounts owed by the Debtors according to their books and records.  Instead, Wayne Services believes that the asserted amount of such claims as identified in the column titled "Asserted Claim Amount" should be modified to the amounts in the column titled "Reduced Claim Amount" in the table provided in **Schedule 4** to the Order.  Wayne Services asserts that the amount listed in the "Reduced Claim Amount" column for each Reduced Amount Claim represents the fair, accurate, and reasonable value of each respective Proof of Claim, as reflected in the Debtors' books and records and/or from the information provided by the claimants.  Failure to modify such claims could result in the relevant claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted.  Accordingly, Wayne Services requests that the Court enter the Order, modifying the Reduced Amount Claims identified on **Schedule 4** to the Order.

## Basis for Relief

16.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . .

objects." A debtor in possession has the duty to object to the allowance of any claim that is improper. *See* 11 U.S.C. § 1106(a)(1).

17.     As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes *prima facie* evidence of the validity and the amount of the claim under section 502(a) of the Bankruptcy Code. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).   Bankruptcy courts have generally held that in order to receive the benefit of *prima facie* validity, however, the claimant must set forth facts necessary to support the claim. *See In re McCarthy*, No. 04-10493, 2004 WL 5683383, at *5 (Bankr. E.D. Va. July 14, 2004).   Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party shows that there exists a "true dispute" as to the validity and amount of the claim. *See In re Computer Learning Ctrs., Inc.*, 298 B.R. 569, 578 (Bankr. E.D. Va. 2003) (quoting Collier on Bankruptcy ¶ 3001.09[2] (15th ed. revised 2003)).   Once the objecting party refutes an allegation critical to the claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. *Allegheny*, 954 F.2d at 173.   In other words, once the *prima facie* validity of a claim is rebutted, "it is for the claimant to prove his claim, not for the objector to disprove it." *In re Kahn*, 114 B.R. 40, 44 (Bankr. S.D.N.Y. 1990) (citations omitted).

18.     For the reasons set forth in this Objection and in the Black Declaration, the Court should modify or disallow and expunge the Disputed Claims as requested in herein.   If the Disputed Claims are not formally modified or disallowed and expunged, the potential exists for the applicable claimants to receive recoveries to which they are not entitled, to the detriment of the Debtors' other stakeholders and the process of claims administration and reconciliation will be unnecessarily burdensome.   Thus, the relief requested in this Objection is necessary to prevent any

inappropriate distribution of estate funds and to facilitate the administration of the claims-allowance process.

## Separate Contested Matter

19.     Each of the above objections to the proofs of claim constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  Wayne Services requests that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each Claim.

## Responses to Omnibus Objections

20.     To contest this Objection, a claimant must file and serve a written response to this Objection in accordance with the Objection Procedures.  If a claimant fails to file and serve a response in accordance with the Objection Procedures, Wayne Services may present to the Court an appropriate order disallowing or modifying the Disputed Claim, without further notice to the claimant or a hearing.

## Reservation of Rights

21.     Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of Wayne Services' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

10

**Notice**

22.     Wayne Services will provide notice of this Motion via first class mail or email (where available) to the Core Group as defined in the *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 129] and to holders of the Disputed Claims identified on **Schedules 1-4** to the Order.  Wayne Services submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

23.     No prior request for the relief sought in this Objection has been made to this or any other court.

WHEREFORE, Wayne Services respectfully requests that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Richmond, Virginia
Dated:  July 17, 2019

/s/ *Jeremy S. Williams*
**KUTAK ROCK LLP**
Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:   (804) 644-1700
Facsimile:   (804) 783-6192
Email:       Michael.Condyles@KutakRock.com
             Peter.Barrett@KutakRock.com
             Jeremy.Williams@KutakRock.com

*Counsel to Wayne Services Legacy Inc.*

**<u>Exhibit A</u>**

**Proposed Form of Order**

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:      (804) 644-1700
Facsimile:      (804) 783-6192

*Counsel to Wayne Services Legacy Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TOYS "R" US, INC., *et al.*,[1] | ) | Case No. 17-34665 (KLP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## ORDER GRANTING WAYNE SERVICES LEGACY INC.'S SIXTY-NINTH OMNIBUS OBJECTION TO CERTAIN (A) LATE-FILED CLAIMS, (B) NO LIABILITY CLAIMS, (C) REDUCED AND RECLASSIFIED CLAIMS, AND (D) REDUCED CLAIMS

Upon the omnibus objection (the "Objection")[2] of Wayne Services for entry of an order

(this "Order"):  (a) modifying or disallowing and expunging the Disputed Claims identified on

**Schedules 1-4** attached hereto, in accordance with section 502 of the Bankruptcy Code,

Bankruptcy Rule 3007, and Local Rule 3007–1; and (b) granting related relief, all as more fully

set forth in the Objection; and it appearing that the relief requested is in the best interests of the

Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to

consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Objection and the relief requested therein being a core proceeding pursuant to

---

[1]     The debtors in these chapter 11 cases, Toys "R" Us, Inc. and its debtor affiliates (collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (1) Directing Joint Administration of Chapter 11 Cases and (II) Granting   Related Relief* [Docket No. 78].  The location of the Debtors' service address is One Geoffrey Way, Wayne, New Jersey 07470.

[2]     Capitalized terms used but not otherwise defined in this Order have the meanings given to them in the Objection.

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and notice of the Objection having been adequate and appropriate under the circumstances;

and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED:

1.      The Objection is granted as set forth in this Order.

2.      Any response to the Objection not otherwise withdrawn, resolved, or adjourned is

hereby overruled on its merits.

3.      Each Late-Filed Claim identified on **Schedule 1** attached to this Order is disallowed

and expunged in its entirety.

4.      Each No Liability Claim, as identified on **Schedule 2** to this Order, is expunged

and disallowed in its entirety.

5.      Each Reduced and Reclassified Claim, as identified on **Schedule 3** to this Order, is

modified to the priority and amount identified in the column titled "Corrected" in **Schedule 3** to

this Order; *provided*, that Wayne Services maintains the right to object to any Proof of Claim

identified in the "Corrected" column on **Schedule 3** on any applicable grounds.

6.      Each Reduced Amount Claim, as identified on **Schedule 4** to this Order, is modified

to the amount identified in the column titled "Reduced Claim Amount" in **Schedule 4** to this Order;

*provided*, that Wayne Services maintains the right to object to any Proof of Claim identified in the

"Reduced Claim Amount" column on **Schedule 4** on any applicable grounds.

7.      Prime Clerk LLC, notice and claims agent, is directed to update the claims register

to reflect the relief granted in this Order.

8.      Except as provided in this Order, nothing in this Order will be deemed (a) an

admission or finding as to the validity of any Proof of Claim against a Debtor entity, (b) a waiver

of the right of Wayne Services to dispute any Proof of Claim against any Debtor on any grounds

whatsoever, at a later date, (c) a promise by or requirement on any Debtor to pay any Proof of Claim, (d) an implication or admission that any particular Proof of Claim is of a type specified or defined in this Order, or (e) a waiver of the rights of Wayne Services under the Bankruptcy Code or any other applicable law.

9.      Each of the Disputed Claims and the objections by Wayne Services to each of the Disputed Claims, as addressed in the Objection and set forth on **Schedules 1-4**, each attached to this Order, constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order will be deemed a separate Order with respect to each Disputed Claim.  Any stay of this Order pending appeal by any claimants whose Proofs of Clam are subject to this Order will only apply to the contested matter that involves such claimant and will not act to stay the applicability or finality of this Order with respect to the other contested matters identified in the Objection or this Order.

10.     Wayne Services is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____
Richmond, Virginia

_____
THE HONORABLE KEITH L. PHILLIPS
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

 /s/ *Jeremy S. Williams*

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:    (804) 644-1700
Facsimile:    (804) 783-6192

*Counsel Wayne Services Legacy Inc.*

## <u>CERTIFICATION OF ENDORSEMENT</u><br><u>UNDER LOCAL BANKRUPTCY RULE 9022-1(C)</u>

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing
proposed order has been endorsed by or served upon all necessary parties.

    /s/ *Jeremy S. Williams*

## <u>Schedule 1</u>

**Late-Filed Claims**

Toys "R" Us, Inc. 17-34665 (KLP)
Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.
Sixty-Ninth Omnibus Objection
Schedule 1 - Late Filed Claims

| | Claimant Name & Address | Claim No. | ASSERTED [1] | | | | |
| | | | Priority | Secured | 503(b)9 | Administrative | Total Claim |
|---|---|---|---|---|---|---|---|
| 1 | Alonso, Cecilia<br>917 Acosta Plaza<br>Salinas, CA 93905 | 22948 | | | | $50.00 | $50.00 |
| 2 | Alonso, Cecilia<br>917 Acosta Plaza #12<br>Salinas, CA 93905 | 22949 | | | | $50.00 | $50.00 |
| 3 | Crook, Yvonne<br>Law Office of Mifflin & Associates<br>Ken Mifflin, Esq.<br>4309 S. Western Avenue<br>Los Angeles, CA 90062 | 22919 * | | | | $19,130.00 | $19,130.00 |
| 4 | Shifflett, Cheri<br>8449 Stevens Rd<br>Owings, MD 20736 | 22930 | | | | $20.00 | $20.00 |
| 5 | Xu, Yanxun<br>2772 Cheekwood Cir.<br>Ellicott City, MD 21042 | 22952 | $965.00 | | | | $965.00 |
| | | | | | | Total | $20,215.00 |

* Claim is fully or partially unliquidated
[1] Claim was filed late.

## <u>Schedule 2</u>

**No Liability Claims**

Toys "R" Us, Inc. 17-34665 (KLP)

Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.

Sixty-Ninth Omnibus Objection

Schedule 2 - No Liability

| | Claimant Name & Address | Claim No. | | ASSERTED | | | | |
| | | | | Priority | Secured | 503(b)9 | Administrative | Total Claim |
|---|---|---|---|---|---|---|---|---|
| 1 | 360i LLC<br>Moses & Singer LLP<br>Mark N. Parry, Esq. and Jessica K. Bonteque, Esq.<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY 10174 | 16435 | (a) | | | | $1,028,556.00 | $1,028,556.00 |
| 2 | Barry, Richard<br>6 Windemere Way<br>Sparta, NJ 07871 | 16774 * | (b) | | | | $0.00 | $0.00 |
| 3 | Barry, Richard Stephen<br>6 Windermere Way<br>Sparta, NJ 07871 | 4443 | (b) | $277,469.14 | | | | $277,469.14 |
| 4 | BEGEMAN, GARY D<br>20385 BEAVERDAM BRIDGE ROAD<br>PO BOX 302<br>PHILOMONT, VA 20131 | 3422 * | (b) | | $0.00 | | $0.00 | $0.00 |
| 5 | BRANDON, DAVID A<br>21 E. 61ST STREET, 16A<br>NEW YORK, NY 10065 | 4107 * | (b) | $0.00 | | | | $0.00 |
| 6 | BRANDON, DAVID A<br>21 E. 61ST STREET, 16A<br>NEW YORK, NY 10065 | 4109 * | (b) | $0.00 | | | | $0.00 |
| 7 | BRANDON, DAVID A<br>21 E. 61ST STREET, 16A<br>NEW YORK, NY 10065 | 4206 * | (b) | $0.00 | | | | $0.00 |
| 8 | Brandon, David A.<br>660 Barton Shore Drive<br>Ann Arbor, MI 48105 | 16200 * | (b) | | | | $0.00 | $0.00 |

Toys "R" Us, Inc. 17-34665 (KLP)
Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.
Sixty-Ninth Omnibus Objection
Schedule 2 - No Liability

| | Claimant Name & Address | Claim No. | | ASSERTED | | | | |
| | | | | Priority | Secured | 503(b)9 | Administrative | Total Claim |
|---|---|---|---|---|---|---|---|---|
| 9 | Cartey, Simon<br>26 The Croft<br>Hungerford, RG17 OHY UK | 16766 * | (b) | | | | $0.00 | $0.00 |
| 10 | Crook, Yvonne<br>Law Office of Mifflin & Associates<br>Ken Mifflin, Esq.<br>4309 S. Western Avenue<br>Los Angeles, CA 90062 | 22919 * | (d) | | | | $19,130.00 | $19,130.00 |
| 11 | Duah, Antoinette<br>23 Blue Ridge Circle<br>Scotch Plains, NJ 07076 | 16995 * | (b) | | | | $0.00 | $0.00 |
| 12 | FINIGAN, MATTHEW<br>17 ROCKLEDGE TERRACE<br>POMPTON PLAINS, NJ 07444 | 3619 * | (b) | $0.00 | | | | $0.00 |
| 13 | Fort Union Shopping Center LLC<br>Sharf Law Firm<br>Mark M. Sharf<br>6080 Center Dr, Suite 600<br>Los Angeles, CA 90045 | 23015 | (a) | | | | $0.00 | $0.00 |
| 14 | Goodman, Richard<br>15 Telescope<br>Newport Coast, CA 92657 | 4509 * | (b) | | | | $0.00 | $0.00 |
| 15 | HCL America, Inc. and HCL Technologies Limited<br>Carl E. Ailara, Jr.<br>Jersey City, NJ 07302 | 15774 | (a) | | | | $474,719.00 | $474,719.00 |
| 16 | Missouri Department of Revenue<br>PO Box 475<br>Jefferson City , MO 65105 | 22965 | (a) | $0.00 | | | | $0.00 |

Toys "R" Us, Inc. 17-34665 (KLP)
Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.
Sixty-Ninth Omnibus Objection
Schedule 2 - No Liability

| | Claimant Name & Address | Claim No. | | ASSERTED | | | | |
| | | | | Priority | Secured | 503(b)9 | Administrative | Total Claim |
|---|---|---|---|---|---|---|---|---|
| 17 | NACCARATO, PASQUALE<br>169 CLOVER LEAF ST.<br>WOODBRIDGE, ON L4L5H7 CANADA | 4170 * | (b) | $0.00 | | | | $0.00 |
| 18 | Picot, David P<br>7 Morris Avenue<br>Manasquan, NJ 6350 | 3545 * | (b) | $0.00 | | | | $0.00 |
| 19 | Picot, David P<br>7 Morris Avenue<br>Manasquan, NJ 6350 | 3543 * | (b) | $0.00 | | | | $0.00 |
| 20 | Picot, David P<br>7 Morris Avenue<br>Manasquan, NJ 6350 | 3904 * | (b) | $0.00 | | | | $0.00 |
| 21 | Picot, David P<br>7 Morris Avenue<br>Manasquan, NJ 6350 | 3925 * | (b) | $0.00 | | | | $0.00 |
| 22 | Picot, David P<br>7 Morris Avenue<br>Manasquan, NJ 06350 | 3979 * | (b) | $0.00 | | | | $0.00 |
| 23 | Preston, Diane<br>54 Sherwood Drive<br>Nanuet, NY 10954 | 16215 * | (b) | | | | $0.00 | $0.00 |
| 24 | Schulte, David<br>875 N. Michigan Ave, Suite 3460<br>Chicago, IL  60611 | 16744 * | (b) | | | | $81,667.00 | $81,667.00 |
| 25 | Schulte, David<br>Cleary Gottlieb Steen & Hamilton LLP<br>Attn: James L. Bromley, Luke A. Barefoot<br>One Liberty Plaza<br>New York, NY  10006 | 16697 * | (b) | | | | $81,667.00 | $81,667.00 |

Toys "R" Us, Inc. 17-34665 (KLP)
Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.
Sixty-Ninth Omnibus Objection
Schedule 2 - No Liability

| | Claimant Name & Address | Claim No. | | ASSERTED | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | | Priority | Secured | 503(b)9 | Administrative | Total Claim |
| 26 | Teed-Murch, Melanie<br>10 Oakridge Crescent<br>Guelph, ON N1L1J1 Canada | 3620 * | (b) | $0.00 | | | | $0.00 |
| 27 | Toys "R" Us Holdings (China) Limited<br>c/o Toys R Us (Asia) Limited<br>Attn: Andre Javes<br>3/F LiFung Tower<br>888 Cheung Sha Wan Road Lai Chi Kok<br>Kowloon,   Hong Kong | 22571 * | (c) | | | | $0.00 | $0.00 |
| 28 | Toys "R" Us Holdings (China) Limited<br>c/o Toys R Us (Asia) Limited<br>Attn: Andre Javes<br>3/F LiFung Tower<br>888 Cheung Sha Wan Road Lai Chi Kok<br>Kowloon,   Hong Kong | 22701 * | (c) | | | | $0.00 | $0.00 |
| 29 | Toys "R" Us Holdings (China) Limited<br>c/o Toys R Us (Asia) Limited<br>Attn: Andre Javes, Ge Fei<br>3/F LiFung Tower<br>888 Cheung Sha Wan Road Lai Chi Kok<br>Kowloon,   Hong Kong | 17506 * | (c) | | | | $0.00 | $0.00 |
| 30 | Toys "R" Us Holdings (China) Limited<br>c/o Toys R Us (Asia) Limited<br>Attn: Andre Javes, Ge Fei<br>3/F LiFung Tower<br>888 Cheung Sha Wan Road Lai Chi Kok<br>Kowloon,   Hong Kong | 22083 * | (c) | | | | $0.00 | $0.00 |

Toys "R" Us, Inc. 17-34665 (KLP)
Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.
Sixty-Ninth Omnibus Objection
Schedule 2 - No Liability

| | Claimant Name & Address | Claim No. | | ASSERTED | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | Priority | Secured | 503(b)9 | Administrative | Total Claim |
| 31 | Toys "R" Us Holdings (China) Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3/F LiFung Tower 888 Cheung Sha Wan Road Lai Chi Kok Kowloon,  Hong Kong | 22414 * | (c) | | | | $0.00 | $0.00 |
| 32 | Toys "R" Us Holdings (China) Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3/F LiFung Tower 888 Cheung Sha Wan Road Lai Chi Kok Kowloon,  Hong Kong | 22707 * | (c) | | | | $0.00 | $0.00 |
| 33 | Toys "R" Us Holdings (China) Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3/F LiFung Tower 888 Cheung Sha Wan Road Lai Chi Kok  Kowloon,  Hong Kong | 17446 * | (c) | | | | $0.00 | $0.00 |
| 34 | TOYS (LABUAN) HOLDING LIMITED C/O TOYS R US (ASIA) LIMITED ATTN: ANDRE JAVES 3/F LIFUNG TOWER 888 CHEUNG SHA WAN ROAD LAI CHI KOK KOWLOON,  HONG KONG | 22766 | (c) | | | | $1,876,943.52 | $1,876,943.52 |

Toys "R" Us, Inc. 17-34665 (KLP)
Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.
Sixty-Ninth Omnibus Objection
Schedule 2 - No Liability

| | Claimant Name & Address | Claim No. | | ASSERTED | | | | |
| | | | | Priority | Secured | 503(b)9 | Administrative | Total Claim |
|---|---|---|---|---|---|---|---|---|
| 35 | Toys (Labuan) Holding Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3/F, LiFung Tower 888 Cheung Sha Wan Road Lai Chi Kok Kowloon,  Hong Kong | 22416 * | (c) | | | | $1,237,591.00 | $1,237,591.00 |
| 36 | Toys (Labuan) Holding Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3/F, LiFung Tower 888 Cheung Sha Wan Road Lai Chi Kok Kowloon,  Hong Kong | 22702 * | (c) | | | | $520,045.70 | $520,045.70 |
| 37 | Toys (Labuan) Holding Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3/F, LiFung Tower 888 Cheung Sha Wan Road Lai Chi Kok Kowloon,  Hong Kong | 22706 * | (c) | | | | $0.00 | $0.00 |
| 38 | Toys (Labuan) Holding Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3/F, LiFung Tower 888 Cheung Sha Wan Road Lai Chi Kok  Kowloon,  Hong Kong | 22420 * | (c) | | | | $0.00 | $0.00 |
| 39 | Toys (Labuan) Holding Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3/F, LiFung Tower 888 Cheung Sha Wan Road Lai Chi Kok  Kowloon,  Hong Kong | 22711 * | (c) | | | | $0.00 | $0.00 |

Toys "R" Us, Inc. 17-34665 (KLP)
Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.
Sixty-Ninth Omnibus Objection
Schedule 2 - No Liability

| | Claimant Name & Address | Claim No. | | ASSERTED | | | | |
| | | | | Priority | Secured | 503(b)9 | Administrative | Total Claim |
|---|---|---|---|---|---|---|---|---|
| 40 | Toys (Labuan) Holding Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3rd Floor, Li Fung Tower 888 Cheung Sha Wan Road Lai Chi Kok, Kowloon  Hong Kong | 17517 * | (c) | | | | $20,266,636.00 | $20,266,636.00 |
| 41 | Toys (Labuan) Holding Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3rd Floor, Li Fung Tower 888 Cheung Sha Wan Road Lai Chi Kok, Kowloon  Hong Kong | 22085 * | (c) | | | | $1,341,204.00 | $1,341,204.00 |
| 42 | Toys (Labuan) Holding Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3rd Floor, Li Fung Tower 888 Cheung Sha Wan Road  Lai Chi Kok, Kowloon  Hong Kong | 17522 * | (c) | | | | $0.00 | $0.00 |
| 43 | Toys (Labuan) Holding Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3rd Floor, Li Fung Tower 888 Cheung Sha Wan Road  Lai Chi Kok, Kowloon  Hong Kong | 22084 * | (c) | | | | $0.00 | $0.00 |

Toys "R" Us, Inc. 17-34665 (KLP)
Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.
Sixty-Ninth Omnibus Objection
Schedule 2 - No Liability

| | Claimant Name & Address | Claim No. | | ASSERTED | | | | |
| | | | | Priority | Secured | 503(b)9 | Administrative | Total Claim |
|---|---|---|---|---|---|---|---|---|
| 44 | Toys (Labuan) Holding Limited Toys(Labuan) Holding Limited c/o Toys R Us(Asia) Limited Attention: Andre Javes 3/F Lifung Tower 888 Cheung Sha Wan Road Lai Chi Kok Kowloon,  Hong Kong | 22577 * | (c) | | | | $1,036,772.00 | $1,036,772.00 |
| 45 | Toys (Labuan) Holding Limited Toys(Labuan) Holding Limited c/o Toys R Us(Asia) Limited Attention: Andre Javes 3/F Lifung Tower 888 Cheung Sha Wan Road Lai Chi Kok  Kowloon,  Hong Kong | 22570 * | (c) | | | | $0.00 | $0.00 |
| 46 | Toys "R" Us Holdings (China) Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes 3/F LiFung Tower 888 Cheung Sha Wan Road Lai Chi Kok  Kowloon,  Hong Kong | 22086 * | (c) | | | | $0.00 | $0.00 |
| 47 | Toys "R" Us Holdings (China) Limited c/o Toys R Us (Asia) Limited Attn: Andre Javes, Ge Fei 3/F, Li Fung Tower 888 Cheung Sha Wan Road, Lai Chi Kok  Kowloon,  Hong Kong | 22423 * | (c) | | | | $0.00 | $0.00 |

Toys "R" Us, Inc. 17-34665 (KLP)
Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.
Sixty-Ninth Omnibus Objection
Schedule 2 - No Liability

| | Claimant Name & Address | Claim No. | | ASSERTED | | | | |
| | | | | Priority | Secured | 503(b)9 | Administrative | Total Claim |
|---|---|---|---|---|---|---|---|---|
| 48 | Toys "R" Us Holdings (China) Limited<br>c/o Toys R Us (Asia) Limited<br>Attn: Andre Javes, Ge Fei<br>3/F, Li Fung Tower<br>888 Cheung Sha Wan Road, Lai Chi Kok<br> Kowloon,   Hong Kong | 22575 * | (c) | | | | $0.00 | $0.00 |
| 49 | Toys "R" Us Holdings (China) Limited<br>c/o Toys R Us (Asia) Limited<br>Attn: Andre Javes, Ge Fei<br>3/F, Li Fung Tower<br>888 Cheung Sha Wan Road, Lai Chi Kok<br> Kowloon,   Hong Kong | 22705 * | (c) | | | | $0.00 | $0.00 |
| 50 | Toys "R" Us Holdings (China) Limited<br>c/o Toys R Us (Asia) Limited<br>Attn: Andre Javes, Ge Fei<br>3/F, Li Fung Tower<br>888 Cheung Sha Wan Road, Lai Chi Kok<br> Kowloon,   Hong Kong | 22709 * | (c) | | | | $0.00 | $0.00 |
| 51 | YOUNG, JAMES<br>556 MILLER ROAD<br>WYCKOFF, NJ 07481 | 3759 * | (b) | $0.00 | | | | $0.00 |
| 52 | YOUNG, JAMES<br>556 MILLER ROAD<br>WYCKOFF, NJ 07481 | 3760 * | (b) | $0.00 | | | | $0.00 |
| 53 | Zaretsky, Andrea<br>Griffin Hamersky LLP<br>Attn: Richard K Milin, Esq<br>420 Lexington Ave, Suite 400<br> New York, NY 10170 | 16386 * | (b) | | | | $280,000.00 | $280,000.00 |

Toys "R" Us, Inc. 17-34665 (KLP)
Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.
Sixty-Ninth Omnibus Objection
Schedule 2 - No Liability

| | Claimant Name & Address | Claim No. | | ASSERTED | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | Priority | Secured | 503(b)9 | Administrative | Total Claim |
| 54 | ZARRA, ROBERT S.<br>20 MC NISH WAY<br> WEST CALDWELL, NJ 07006 | 3848 * | (b) | $0.00 | | | | $0.00 |
| | | | | | | | Total | $28,522,400.36 |

\*   Claim is fully or partially unliquidated

(a)   Debtor has no liability for the asserted claim based on a review of the claim and the Debtor's books and records.

(b)   Based on a review of the claim, such obligations were either assumed under the Debtors' Plan, have otherwise been satisfied or no other
claims are known to exist.  Accordingly, no separate liability exists with respect to the claim and the claim should be expunged.

(c)   Pursuant to the Intercompany Settlement Agreement and except as otherwise preserved therein,  all such claims were released.
Accordingly, no separate liability exists with respect to the claim and the claim should be expunged.

(d)   The creditor's proof of claim (POC #7959) for this same liability was reclassified to a general unsecured claim [Docket No. 4698].
Accordingly, no separate liability exists with respect to the claim and the claim should be expunged.

**<u>Schedule 3</u>**

**Reduced and Reclassified Claims**

Toys "R" Us, Inc. 17-34665 (KLP)

Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.

Sixty-Ninth Omnibus Objection

Schedule 3 - Reclassified & Reduced Claims

| | Claimant Name & Address | ASSERTED | | | | | CORRECTED [1] | | | | |
| | | Claim No. | General Unsecured | 503(b)9 | Administrative | Total Claim | Claim No. | General Unsecured | 503(b)9 | Administrative | Total Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Euler Hermes N.A. agent for Turnstyle Brands claim 000413725 800 Red Brook Blvd. Owings Mills, MD 21117 | 461 | | $278,576.64 | | $278,576.64 | 461 | $231,421.84 | $47,154.80 | | $278,576.64 |
| | | | | | Total | $278,576.64 | | | | Total | $278,576.64 |

(1) Corrected claim classification and reduced amount reflects the proper status and amount based on a review of the claim and the Debtor's books and records.        Page 1 of 1

## <u>Schedule 4</u>

**Reduced Claims**

Toys "R" Us, Inc. 17-34665 (KLP)

Wayne Services Legacy Inc., successor entity to Toys "R" Us - Delaware Inc.

Sixty-Ninth Omnibus Objection

Schedule 4 - Reduced Claim Amount

| | Claimant Name & Address | Claim No. | 503(b)9 | Administrative | Total Claim | Claim No. | 503(b)9 | Administrative | Total Claim |
|---|---|---|---|---|---|---|---|---|---|
| | | **ASSERTED CLAIM AMOUNT** | | | | **REDUCED CLAIM AMOUNT** [1] | | | |
| 1 | Ramco-Gershenson Properties, L.P. c/o Stark & Stark, P.C. Attn: Thomas S. Onder, Esq. P.O. Box 5315 Princeton, NJ 08543 | 16804 | | $23,487.32 | $23,487.32 | 16804 | | $3,714.32 | $3,714.32 |
| 2 | Trustees of Vickerry Realty Co. Trust Casner & Edwards, LLP Michael J. Goldberg 303 Congress Street Boston, MA 02210 | 16650 | | $54,459.85 | $54,459.85 | 16650 | | $6,826.68 | $6,826.68 |
| | | | | Total | $77,947.17 | | | Total | $10,541.00 |

[1] Reduced claim amount reflects the proper amount based on a review of the claim and the Debtor's books and records.

Page 1 of 1

## **Exhibit B**

**Black Declaration**

Michael A. Condyles (VA 27807)
Peter J. Barrett (VA 46179)
Jeremy S. Williams (VA 77469)
**KUTAK ROCK LLP**
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone:     (804) 644-1700
Facsimile:     (804) 783-6192

*Counsel to Wayne Services Legacy Inc.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| | ) |
| In re: | )    Chapter 11 |
| | ) |
| TOYS "R" US, INC., *et al.*,[1] | )    Case No. 17-34665 (KLP) |
| | ) |
| Debtors. | )    (Jointly Administered) |
| | ) |

## DECLARATION OF DAVID BLACK IN SUPPORT
## OF WAYNE SERVICES LEGACY INC.'S SIXTY-NINTH OMNIBUS OBJECTION TO
## CERTAIN (A) LATE-FILED CLAIMS, (B) NO LIABILITY CLAIMS, (C) REDUCED
## AND RECLASSIFIED CLAIMS, AND (D) REDUCED CLAIMS

I, David Black, hereby declare under penalty of perjury:

1.      I am a consultant who has been retained by Wayne Services Legacy Inc. ("Wayne

Services") to provide advisory services in connection with all claims management and related

matters.  I am generally familiar with the Debtors' day-to-day operations, financing arrangements,

business affairs, and books and records that reflect, among other things, the Debtors' liabilities and

the amount thereof owed to their creditors as of the Petition Date.  I am above 18 years of age, and

I am competent to testify.

---

[1]     The Debtors in these chapter 11 cases, Toys "R" Us, Inc. and its debtor affiliates (collectively, the "Debtors"),
along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I)
Directing Joint Administration of Chapter 11 Cases and (II) Granting   Related Relief* [Docket No. 78].  The
location of the Debtors' service address is One Geoffrey Way, Wayne, New Jersey 07470.

2.      I submit this declaration (this "Declaration") in support of the *Wayne Services Legacy Inc.'s Sixty-Ninth Omnibus Objection to Certain (A) Late-Filed Claims, (B) No Liability Claims, (C) Reduced and Reclassified Claims, and (D) Reduced Claims* (the "Objection") and am directly, or by and through Wayne Service's advisors and personnel, familiar with the information contained therein and the exhibits and schedules attached thereto.  I am authorized to submit this declaration on Wayne Services behalf.  Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents, and information I have received from other members of the Debtors' or Wayne Services' management, employees or advisors.  As to matters regarding state and federal law, including bankruptcy law, I have relied on the advice of counsel.  If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration on that basis.

3.      To the best of my knowledge, information, and belief, insofar as I have been able to ascertain after reasonable inquiry, considerable time and resources have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed against the Debtors in the chapter 11 cases.  In evaluating the Disputed Claims, Wayne Services and/or its advisors have thoroughly reviewed the Debtors' books and records and the relevant proofs of claim, as well as the supporting documentation provided by each claimant, if any, and have determined that each Disputed Claim should be modified or disallowed and expunged as set forth in the Objection.  As such, I believe that the modification or expungement and disallowance of the Disputed Claims on the terms set forth in the Objection is appropriate.

## I.      Late-Filed Claims

4.      To the best of my knowledge, information, and belief, Wayne Services and/or its advisors have determined that, based on their review of the Proofs of Claim, the Late-Filed Claims listed on **Schedule 1** to the Order were not timely filed on or before the applicable Bar Dates, and, therefore do not represent valid claims against the Debtors' estates.  Failure to disallow and expunge the Late-Filed Claims could result in the applicable claimants receiving multiple recoveries against the Debtors' estates, to the detriment of other similarly situated creditors. Moreover, elimination of the Late-Filed Claims will enable Wayne Services to maintain a more accurate claims register.  As such, I believe the disallowance and expungement of the Late-Filed Claims on the terms set forth in the Objection is appropriate.

## II.      No Liability Claims

4.      To the best of my knowledge, information, and belief, Wayne Services and/or its advisors have determined that the Proofs of Claim listed on **Schedule 2** to the Order do not accurately reflect amounts owed by the Debtors according to a thorough analysis of the Debtors' books and records, and, therefore, do not represent valid Proofs of Claim against the Debtors' estates.  Failure to disallow and expunge the No Liability Claims could result in the relevant claimants receiving an unwarranted recovery against the Debtors to the detriment of other similarly situated creditors.  As such, I believe the disallowance and expungement of the No Liability Claims on the terms set forth in the Objection is appropriate.

## II.      Reduced and Reclassified Claims

4.      To the best of my knowledge, information, and belief, Wayne Services and/or its advisors have determined that the Proofs of Claim listed on **Schedule 3** to the Order do not accurately reflect the correct priority or amount for such Proofs of Claim.  After carefully

reviewing the Reduced and Reclassified Claims in good faith, utilizing due diligence by appropriate personnel, I believe that each of the Reduced and Reclassified Claims should be modified to have the priority and amount depicted in the "Corrected" column of **Schedule 3** to the Order.  Failure to modify such Proofs of Claim could result in the relevant claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted.  As such, I believe the modification of the Reduced and Reclassified Claims on the terms set forth in the Objection is appropriate.

## IV.    Reduced Amount Claims

5.    To the best of my knowledge, information, and belief, Wayne Services and/or its advisors have determined that the Proofs of Claim listed on **Schedule 4** to the Order do not accurately reflect current amounts owed by the Debtors according to their books and records.  After carefully reviewing the Reduced Amount Claims in good faith, utilizing due diligence by appropriate personnel, I believe that each of the Reduced Amount Claim should be reduced to have the claim amounts depicted in the "Reduced Claim Amount" column of **Schedule 4** to the Order.  Failure to modify such Proofs of Claim could result in the relevant claimants receiving a better recovery than other similarly situated creditors, even though such recovery is not warranted.   As such, I believe the reduction of the Reduced Amount Claims on the terms set forth in the Objection is appropriate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Dated:  July 17, 2019                              Respectfully submitted,

                                                  */s/ David Black*
                                                  David Black, Consultant
                                                  Wayne Services Legacy Inc.