# EXHIBIT A

**Proposed Order**

Case 17-34665-KLP    Doc 7617-1    Filed 09/21/22    Entered 09/21/22 21:25:12    Desc
Exhibit(s) A (Proposed Order)    Page 1 of 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TOYS "R" US, INC., *et al.*,[1] | ) Case No. 17-34665 (KLP) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER (I) APPROVING SETTLEMENT AGREEMENT, (II) APPROVING RELATED ALLOCATIONS AND DISTRIBUTIONS TO TRUST BENEFICIARIES AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the TRU Creditor Litigation Trust (the "Trust") for the entry of an order (this "Order") approving (i) the settlement resolving the Trust's litigation against the Debtors' former directors and officers (the "Settlement," and the related settlement agreement annexed to the Motion as **Exhibit B**, the "Settlement Agreement"), (ii) the related proposed allocation and distribution of funds to the Trust's beneficiaries pursuant to the confirmed Plans and Trust Agreement, and (iii) granting related relief, THE COURT FINDS:

A. The Court has jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409;

B. Due notice of the Motion has been given by the Trust to the relevant parties-in-interest in the Chapter 11 Cases, including all beneficiaries of the Trust, including proper and

---

[1] The debtors in these chapter 11 cases, Toys "R" Us, Inc. and its debtor affiliates (collectively, the "Debtors") along with the last four digits of each Debtor's federal tax identification number, are set forth in the *Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 78]. The location of the Debtors' service address is One Geoffrey Way, Wayne, NJ 07470.

[2] Capitalized terms used but not otherwise defined in this Order have the meanings given to them in the Motion.

sufficient notice and opportunity for a hearing, the right to object to the proposed Settlement Agreement, and the right to appear in person or by counsel at the hearing, and no other and further notice is required, and such notice is deemed proper and sufficient under the circumstances;

C. The notice of the Motion was provided in full compliance with the terms and conditions of the Settlement Agreement;

D. The Court held a hearing on the Motion on October 13, 2022 at 11:00 a.m. prevailing Eastern Time to consider approval of the Motion;

E. The Trust and all beneficiaries of the Trust in the Chapter 11 Cases are bound by this Order and the terms of the Settlement Agreement;

F. The terms of the Settlement Agreement are fair, reasonable, and adequate pursuant to Bankruptcy Rule 9019, were negotiated and considered at arm's-length and in good faith by each of the parties thereto, reflect a proper exercise of discretion by the Trust, the Trust Manager, and the Oversight Committee, the Trust appropriately relied on the representations made by counsel to the Defendants as to the remaining coverage under the Insurance Policies, and the determination to enter into the Settlement Agreement by the Trust was made in good faith, with the unanimous consent of the Oversight Committee, and otherwise in accordance with the terms of the Trust Agreement, Plans, and Confirmation Orders, with all actions taken in accordance with the Trust Agreement including where the Trust Agreement requires Majority Consent of the Oversight Committee for Material Actions;

G. The Settlement Agreement is fair and equitable and in the best interest of the Trust and each of its beneficiaries;

H. The Allocation of the net proceeds of the Settlement Agreement and the Distributable Trust Assets by the Trust set forth in the Motion is fair and equitable and complies

with the terms of the Trust Agreement, was formulated by the Trust in good faith and after careful consideration and with the unanimous consent of the Oversight Committee;

I.  Notice of the Allocation through the Motion has been provided by the Trust in accordance with the Trust Agreement;

J.  The distribution mechanics set forth in the Motion are fair, equitable, and appropriate and otherwise comply with the Trust Agreement, the Plans, the Global Settlement Agreement, the Delaware Settlement Agreement, and the Confirmation Orders; and

K.  The legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and other good and sufficient cause exists for granting the relief requested in the Motion.

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED, and any objections to the motion are OVERRULED.

2.  The Settlement, including all of the terms and conditions set forth in the Settlement Agreement, is fair, reasonable and in the best interests of the Debtors' estates, their creditors and the Trust's beneficiaries; therefore, the Settlement Agreement, which was filed as Exhibit B to the Motion, is approved in all respects, including pursuant to Bankruptcy Rule 9019 and section 105(a) of the Bankruptcy Code.

3.  The parties are authorized and directed to implement its terms and to perform all obligations under the Settlement Agreement.

4.  The releases set forth in the Settlement Agreement are approved and are binding on the Trust and each of its beneficiaries as and to the extent set forth in the Settlement Agreement.

5.  The Trust, the Trust Manager, the Oversight Committee, and their professionals are authorized to take all actions necessary to effectuate the Settlement and the relief granted in this

Order, and neither the Trust, the Trust Manager, the Oversight Committee, nor any of their professionals shall have any liability (including, without limitation, to any beneficiary) related to the execution or implementation of the Settlement or in connection with making distributions to beneficiaries.

6. Each of the Allocation and the Distribution Mechanics set forth in the Motion is approved, and the Trust, the Trust Manager, the Oversight Committee, and their professionals (including without limitation any claims and noticing agent utilized to assist in making distributions) are hereby authorized to take all action necessary to effectuate the relief granted pursuant to this Order including to make distributions in accordance with the Motion. The Trust is hereby authorized to distribute the Distributable Trust Assets in accordance with the Allocation and distribution scheme provided in the Motion, pursuant to which it is determined that, among other things: (i) the Allocation is fair and reasonable and is approved, (ii) the distribution of Distributable Trust Assets pursuant to the Motion is consistent and in accordance with the Trust Agreement and the applicable Plans and Confirmation Orders, (iii) no further distribution to holders of Endless Earnings Claims is required, (iv) consistent with the Global Settlement Agreement, Toys Delaware is not entitled to a recovery from the Trust on account of its intercompany claims against Toys Inc, and (v) the Trust is entitled to rely on the claim register and distribution list Wayne Services and the Toys Inc. Trust delivered to the Trust in making distributions.

7. September 21, 2022 is approved as the Record Date for all distributions from the Trust, and the claim register shall be deemed closed as of such Record Date, with no further transfers permitted. The Trust is entitled to rely exclusively without further inquiry on the claims register received from the applicable successor to the Debtors (or their agent) as of the Record

Date in making distributions in accordance with the Motion, and the Trust shall not, and shall have no obligation to, make distributions to any transferees of any claims held by Trust Beneficiaries made after the Record Date.

8. The Trust is entitled to rely exclusively without further inquiry on the tax information collected to date by the Debtors or Reorganized Debtors. In accordance with the Trust Agreement, the Trust is authorized to send a notice to any beneficiary for which it does not have the relevant tax forms or information based on the records received from the applicable successor to the Debtors (or their agent). Any beneficiary of the Trust which fails to provide the Trust or its agents with the requested tax information prior to the date that is 90 days following service of the notice requesting such information, shall be deemed to have waived any and all rights to receive distributions from the Trust and any claims such beneficiary may have against the Trust, and the Trust and Trust Manager is authorized to utilize such funds for reserves or to make further distributions. The Trust may also rely on prior Court orders disallowing claims or waiving distributions for a claimant's failure to timely provide tax information to the Debtors or Reorganized Debtors.

9. The Trust's use of funds, including regarding reserves and with respect to supplementing the Vendor Discovery Reimbursement Fund, is approved.

10. The notice of the Motion is hereby deemed to be good and sufficient notice of the relief requested in the Motion, and the requirements of Bankruptcy Rules 6004(a) and 9013 and the Local Bankruptcy Rules for the Eastern District of Virginia are satisfied by such notice and no further service of notice is required.

11. Nothing in the Motion or this Order shall be deemed or construed as a waiver of the right of the Trust, or shall impair the ability of the Trust, to make additional requests related to the Plans, the Trust Agreement or otherwise.

12. Notwithstanding Bankruptcy Rule 6004(h), and to the extent applicable, the terms and conditions of this Order will be immediately effective and enforceable upon its entry.

13. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____    _____
Richmond, Virginia                  UNITED STATES BANKRUPTCY JUDGE